902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie GAMBLE, Defendant-Appellant.
 No. 88-5701.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 18, 1989.
Decided May 2, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Richard C. Erwin, Chief District Judge. (CR-88-31-D, CR-88-43-D)
 James B. Craven, III, Durham, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant, Eddie Gamble, twice robbed the same North Carolina bank, crimes for which he was convicted following a trial by jury (18 U.S.C. Sec. 2113(a) and (d) and 18 U.S.C. Sec. 924(c)(1)). Gamble now challenges his convictions on three grounds, each without merit.
 
 
 2
 The appellant first argues that it was error for the district judge to issue a warning about the possibility of perjured testimony while Gamble sat as a witness on his own behalf. Such a warning was made to counsel, at the bench, beyond the hearing of the jury. According to Gamble, such a warning had a chilling effect on his testimony. We can now hardly imagine that a warning about the illegality of perjury would in any way inhibit truthful testimony. Further, there is no evidence of record that Gamble was even aware of such an admonishment. We find no error in the efforts made by the district judge to assure that justice is done. United States v. Parodi, 703 F.2d 768, 775 (4th Cir.1983).
 
 
 3
 The appellant next contends that there was insufficient evidence adduced at trial upon which a jury could find him guilty beyond a reasonable doubt. After a review of the record, we are satisfied that the evidence of appellant's guilt, viewed in the light most favorable to the government, was overwhelming.
 
 
 4
 Finally, the appellant asserts that he received ineffective assistance of counsel. This claim is both frivolous and untimely. Absent a showing that the record conclusively demonstrates that a criminal defendant was deprived of adequate representation, a claim of ineffective counsel not raised by a motion pursuant to 28 U.S.C. Sec. 2255 is untimely. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973); United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970). Our review of the record uncovers no evidence that counsel for the appellant was ineffective. Therefore, further consideration of this matter is inappropriate.
 
 
 5
 Because the facts and the legal contentions are well set forth in the materials before this court, we dispense with oral argument, as it would not aid the decisional process.
 
 
 6
 AFFIRMED.