**UNITED STATES of America,
Appellee,**

v.

**Mauro M. MANDELLO, Appellant.**

**No. 13830.**

United States Court of Appeals,
Fourth Circuit.

June 4, 1970.

H. Bradley Evans, Jr., Alexandria, Va. (Court-appointed) [Evans & Economou, Alexandria, Va., on brief] for appellant.

C. P. Montgomery, Jr., Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., and David H. Hopkins, Asst. U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and RUSSELL, District Judge.

PER CURIAM:

The appellant was the manager of the Non-Commissioned Officers' Club (NCO) at Fort Myer, Virginia. As such he was charged with the responsibility of accounting for the monies derived from the several operations of the Club. Included in such Club facilities were certain coin-operated machines. The appellant was indicted, under Section 641, 18 U.S.C., for the conversion to his own use of that portion of the receipts of these coin-operated machines due the Government on certain specified occasions.

The appellant was represented at the trial by court-appointed counsel. At such trial, appellant conceded that he had received the monies in question but, disclaiming emphatically any embezzlement of such funds, he contended that his admitted failure properly to account for same arose out of inadvertence or mistake.

Following his conviction, the appellant retained private counsel and thereupon through such counsel moved for a new trial. In support of such motion, various affidavits setting forth certain circumstances and naming some individuals whose testimony, it was thought, might have proved helpful to appellant's defense, had they been called as witnesses, were filed by the appellant. Primarily, the motion was based on the appellant's contention that his court-appointed trial counsel had failed to demand the tapes showing the daily receipts realized from the Club's several operations. These tapes, it was suggested, might have shown that the funds derived on the

dates in question from the operation of the coin-operated machines had been subsequently recorded on a later date and were thus actually received by the Government, though tardily reported. Such possible evidence is described in appellant's brief as being "the crux of his defense". The appellant asserted in his affidavit, filed in support of his motion for a new trial, that he had requested his trial counsel to secure such tapes and to subpoena certain witnesses whose testimony would support his reliance on the tapes as evidence favorable to his defense. There was, however, no reference to these tapes during the trial other than in this obscure statement during cross-examination of the appellant:

"Q. Now, in answer to your attorney's question as to what explains the fact that receipts that are shown on the Michael's Company books for the vending income, the explanation for why it is not shown on the daily receipt forms, the daily activity's report for the same day?

\* \* \* \* \* \*

"A. I don't know if I inadvertently misplaced them, but I said I never knowingly converted any of these receipts to my own, for my own use. Now, it is very possible I would have to check for the next day's receipt that my safe balanced out over, that I would have to ring it up."

The possible existence of the tapes, together with their possible relevance to appellant's "theory of defense", was not really brought in issue by the appellant, so far as the District Court was concerned, until the motion for a new trial; and then there seemed to be some doubt that such tapes were still available.

The motion for a new trial was denied. The appellant thereupon secured the appointment of other counsel to perfect this appeal. By his appeal, he contends that the District Court failed properly to instruct the jury on "the theory of his defense" and that he was denied effective representation by court-appointed counsel at trial.[1]

We affirm.

■ The two grounds of appeal are inter-dependent. The gravamen of appellant's complaint is that, through the ineffective representation of his trial counsel, the tapes on which were recorded daily the actual receipts of monies by the Club and which might, if available, have given support to appellant's contention that the monies claimed to have been embezzled actually had been received by the Government, were not secured and introduced in the record, thereby denying to the appellant a factual basis for a jury instruction incorporating his "theory of defense", as subsequently developed in his motion for a new trial and as outlined to his counsel prior to trial. So much is recognized and affirmed by appellant's able and conscientious counsel in this Court. Thus, in summarizing his argument, counsel states in his conclusion: "The question of the jury instructions \* \* \* are (is) inextricably bound up with the claim of ineffective representation." Certainly, the obscure reference to the tapes by the appellant in his cross-examination was not sufficient to inject into the case the "theory of defense" pressed on the motion for a new trial and now argued in this Court. Only if appellant's trial counsel had been able to secure and offer at trial evidence relevant to the appellant's present "theory of defense"—a circumstance which he asserts was not due to counsel's ineffective representation—would it have been appropriate for the Court to have instructed as the appellant now demands. Accordingly, the real complaint of the appellant—the basis, if any, for both of his claims of

---

1. The appellant did urge, in his brief, error in the District Court in the admission of certain evidence. In the light of

United States v. Windsor (4th Cir. 1969) 417 F.2d 1131, such contention was abandoned on argument.

error—is the alleged ineffective representation of his trial counsel. This, however, is an issue that should more appropriately be resolved in a Section 2255 proceeding. It would be grossly unfair to the trial counsel to fault his representation without having in the record some statement from him. Courts must be equally vigilant to protect counsel from the unfair imputation of professional neglect as to assure to the defendant effective representation. Perhaps counsel in this case did make appropriate inquiry into the existence or non-existence of the tapes; perhaps he did review such tapes as they were and did conclude that they were valueless to appellant's defense. Perhaps he did interview the various witnesses suggested by appellant or had a justifiable reason not to do so. These and other questions can more properly be inquired into in a Section 2255 proceeding.

It may be, as counsel for the appellant argues, that where it conclusively appears in the trial record itself that the defendant was not provided on trial with effective representation, the Court will consider the matter on appeal without requiring the defendant to resort to a Section 2255 proceeding. This clearly is not such a case. There is nothing in this trial record to sustain such a conclusion. And the affidavits filed in support of the motion for a new trial cannot be taken as an adequate or proper substitute for the more extensive examination contemplated under a Section 2255 proceeding. See, United States v. Garguilo (2nd Cir. 1963) 324 F.2d 795, 796–798; Brubaker v. Dickson (9th Cir. 1962) 310 F.2d 30, 32, cert. denied 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143.

Nothing said herein is, however, intended to prejudice, or prejudge, in any way appellant's right to apply for relief in a Section 2255 proceeding, should he choose to invoke such remedy.

The judgment appealed from is

Affirmed.