800 F.2d 261
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Harold SMITH, Jr., Appellant.
 No. 85-5565.
 United States Court of Appeals,
Fourth Circuit.
 Submitted June 10, 1986.
Decided Sept. 10, 1986.
 
 William B. Long, Jr., on brief, for appellant.
 William C. Lucius, Asst. U.S. Atty., on brief, for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Harold Smith appeals his conviction for armed bank robbery in violation of 18 U.S.C. 5 2113(d). On appeal, Smith's court-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion no -meritorious issues exist on appeal. A copy of the Anders brief and an invitation to supply supplemental materials were provided to Smith, who has responded. The United States has moved for summary affirmance.
 
 
 2
 After an independent review of the record and other pertinent papers, we conclude that there were no nonfrivolous grounds for appeal and accordingly affirm the judgment below. Smith's Sixth Amendment claim of ineffective assistance of counsel may not be raised on direct review of his conviction. This claim, if colorable at all, must be considered initially in a collateral proceeding under 28 U.S.C. 5 2255, should Smith choose to invoke that remedy. See United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 459 U.S United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970).
 
 
 3
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by this Court in implementation of the Criminal Justice Revision Act of 1984. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If so requested by his client, counsel should prepare a timely petition for the writ and take the steps that are necessary to protect the rights of his client.
 
 
 4
 Because the record and other materials before us disclose no reversible error, we dispense with oral argument and affirm the conviction.
 
 
 5
 AFFIRMED.