813 F.2d 1229
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Marvin Powell HINSON, Appellant.
 No. 86-5543.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1986.
Decided March 2, 1987.
 
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 James G. Kincheloe, Jr., Robert W. O'Brien, on brief, for appellant.
 Henry E. Hudson, William G. Otis, Ellyn Marcus Lindsay, Office of the United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Marvin Powell Hinson was convicted of two counts of making false statements in connection with the purchase of a firearm, in violation of 18 U.S.C. Sec. 922(a)(6); two counts of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. Appendix II, Sec. 1202(a)(1); and two counts of receiving a firearm after having been convicted of a felony, in violation of 18 U.S.C. Sec. 922(h).
 
 
 2
 Counts I, II, and III of the indictment involved the purchase, possession, and receipt of a Taurus Model 66, 357 revolver. Counts IV, V, and VI of the indictment involved the purchase, possession and receipt of a Remington Model Mohawk 48, 12-gauge shotgun. Two-year terms of imprisonment were imposed on each of the six convictions with the terms imposed on Counts I, II, and III running concurrent to each other and the terms imposed on Counts IV, V, and VI concurrent to each other but consecutive to the sentences imposed on the first three counts. In addition, the district court imposed a special assessment of $50.00 on each count, pursuant to 18 U.S.C. Sec. 3013. Hinson's total punishment, therefore, consisted of four years imprisonment and assessments of $300.00.
 
 
 3
 On appeal, Hinson's court-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion no meritorious issues exist on appeal. A copy of the Anders brief and an invitation to supply supplemental materials were provided to Hinson, who has responded.
 
 
 4
 In the Anders brief filed in this appeal Hinson's attorney has raised a number of issues on Hinson's behalf challenging both the effectiveness of his own representation of Hinson and various rulings of the trial court. In his response to the Anders brief Hinson has raised a number of issues also challenging certain actions of the trial court. Hinson also raises a claim of ineffective assistance of counsel. We find no merit in any of the issues raised by Hinson and his attorney. Hinson's Sixth Amendment claim of ineffective assistance of counsel may not be raised on direct review of his conviction. This claim, if colorable at all, must be considered initially in a collateral proceeding under 28 U.S.C. Sec. 2255, should Hinson choose to invoke that remedy. See United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 459 U.S. 843 (1982), United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970).
 
 
 5
 Subsequent to the filing of the original briefs in this case appellant and the United States submitted supplemental briefs on the question as to whether Hinson's convictions for both receiving and possessing each of the firearms is violative of the Double Jeopardy Clause of the Constitution. Appellant contends, and the government agrees, that Hinson's simultaneous convictions under 18 U.S.C. Appendix II Sec. 1202(a)(1), and under 18 U.S.C. Sec. 922(h) for the revolver (Counts II and III) and for the shotgun (Counts V and VI) are violative of the Double Jeopardy Clause of the Constitution. One of the convictions involving each of these weapons must, therefore, be vacated.
 
 
 6
 In Ball v. United States, 470 U.S. 856, 53 U.S.L.W. 4395 (March 26, 1985), the Supreme Court addressed the question whether a felon possessing a firearm may be convicted and concurrently sentenced under Sec. 922(h), for receiving that weapon, and under Sec. 1202(a)(1), for possessing the same weapon. In vacating the judgment of the Court of Appeals in Ball the Court stated:
 
 
 7
 [W]hile the Government may seek a multiple-count indictment against a felon for violations of Secs. 922(h) and 1202(a) involving the same weapon where a single act establishes the receipt and possession, the accused may not suffer two convictions or sentences on that indictment. If, upon the trial, the District Judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the District Judge should enter judgment on only one of the statutory offenses.
 
 
 8
 * * *
 
 
 9
 We hold that Congress did not intend a convicted felon ... to be convicted of both receiving a firearm in violation of 18 U.S.C. Sec. 922(h), and possessing that firearm in violation of 18 U.S.C.App. Sec. 1202(a).
 
 
 10
 470 U.S. at ----, 53 U.S.L.W. 4398.
 
 
 11
 The Court noted further that the fact that the sentences for Ball's convictions were imposed concurrently did not remove the potential adverse consequences of the second conviction:
 
 
 12
 The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. [citations omitted] Thus, the second conviction, even it it results in no greater sentence, is an impermissible punishment.
 
 
 13
 470 U.S. ----, 53 U.S.L.W. at 4398 (emphasis in original).
 
 
 14
 Accordingly, we must remand this case with instructions to the district court to exercise its discretion and vacate the judgments of convictions, sentences and assessments on either Count II or III, and on either Count V or VI, of the indictment. In all other respects Hinson's convictions are affirmed. Should the district court determine that the sentence imposed on the appellant would have been different had Hinson stood convicted of four felonies instead of six, the court may vacate the sentences on the other convictions and resentence Hinson.
 
 
 15
 In accordance with Anders, supra, we have independently reviewed the record and all pertinent papers and have found no other meritorious issue not raised by either Hinson or his attorney.
 
 
 16
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act, 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If so requested by his client, counsel should prepare a timely petition for the writ and take the steps that are necessary to protect the rights of his client. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and remand this case for further proceedings consistent with this opinion.
 
 
 17
 REMANDED.