822 F.2d 56
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard Kenneth BIDDLE, Jr., Defendant-Appellant.
 No. 86-5598.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 22, 1987.
Decided June 16, 1987.
 
 Before HALL, WILKINSON and WILKINS, Circuit Judges.
 Ronald Stephen Patterson, on brief, for appellant.
 Charles R. Brewer, United States Attorney, James R. Fitzner, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Bernard Kenneth Biddle pled guilty in district court to one count of first degree sexual offense, committed on his stepdaughter, in violation of 18 U.S.C. Sec. 13 and N.C.Gen.Stat. Sec. 14-27.4(a)(1). He now appeals his conviction on the following grounds:
 
 
 2
 (1) it was reversible error for the government to allow the defendant to rely upon the misrepresentation that his mother was going to testify against him as a witness for the government at trial;
 
 
 3
 (2) it was reversible error for the government to allow the defendant to remain uninformed of the fact that his stepdaughter could be a witness for him in addition to being a witness for the government; and
 
 
 4
 (3) it was reversible error for the government to introduce evidence at the sentencing hearing concerning the defendant's sexual misconduct with another minor female when, in essence, this was the equivalent of prosecuting the defendant on the alleged crime and was a breach of the plea bargain.
 
 
 5
 Finding, contrary to these contentions, that there was no reversible error in the proceedings below, we affirm the judgment of conviction.
 
 
 6
 Prior to accepting Biddle's guilty plea, the district court conducted a careful inquiry in compliance with Fed.R.Crim.P. 11 and found that the plea was made voluntarily and with an understanding of the nature of the charge and the consequences of the plea. During the plea proceeding, the court was advised that there was a plea agreement by which the government agreed to dismiss an earlier indictment and agreed not to prosecute Biddle for offenses against another minor female. The court explained the charge to Biddle and advised him of the rights he would be giving up by pleading guilty and of the mandatory sentence of life imprisonment which accompanied the charge. Biddle admitted committing the acts charged in the indictment. The government presented its factual basis for the charge, which included statements given by Biddle's stepdaughter to the effect that Biddle had sexually assaulted her over the course of the past five years and a statement given by another minor female to the effect that she had observed Biddle's assault on his stepdaughter and had herself been sexually assaulted by Biddle. After accepting the plea, the court imposed the mandatory sentence of life imprisonment.
 
 
 7
 In his brief on appeal, Biddle's counsel states that prior to trial he had reviewed the government's file and had discussed with the government the fact that Biddle's mother would be testifying against Biddle at trial. Counsel further states that after sentencing Biddle's mother indicated that she had not intended to testify against her son. In a motion to vacate or set aside sentence directed to this Court and included in the joint appendix on appeal,[1] Biddle alleges that the prosecution incorrectly encouraged him to rely upon statements made to the prosecution by his mother which indicated that she was prepared to testify against her son when, in fact, she indicated otherwise after the plea had been entered. Biddle maintains that the prospect of his mother testifying at trial was a major inducement to entry of the guilty plea and that the plea was therefore involuntarily entered.
 
 
 8
 Biddle suggests, however, no reason why the defense could not have questioned his mother prior to entry of the plea to pin down what her testimony would have been if the case had gone to trial. Nor does he suggest any reason why she would not have been subject to subpoena even if she had not wished to testify against him. By pleading guilty Biddle gave up the chance that the trial might not unfold as anticipated by the prosecution. This is a consequence of any guilty plea, however, and does not render the plea involuntary. See Campbell v. Marshall, 769 F.2d 314, 324 (6th Cir.1985), cert. denied, --- U.S. ----, 54 U.S.L.W. 3583 (Mar. 3, 1986) (No. 85-5680).
 
 
 9
 Biddle's next contention is that the government should not have allowed him to remain uninformed that his stepdaughter could testify for him as well as against him. Again, Biddle should have discovered before entering his plea what the likely testimony of witnesses would have been at trial, for by pleading guilty he gave up the possibility that they would testify favorably.[2] The district court specifically advised Biddle of this consequence of a guilty plea, warning him that by pleading guilty he was giving up his right to call witnesses and to confront and cross-examine the government's witnesses.
 
 
 10
 Finally, Biddle contends that the government breached its plea agreement by proffering at the plea proceeding that another minor female had stated that Biddle had sexually assaulted her as well. We find no violation of the plea agreement. The government's promise not to prosecute Biddle for his offenses against this minor female did not encompass a promise, express or implied, not to mention these offenses at the plea proceeding. Cf. United States v. Reckmeyer, 786 F.2d 1216 (4th Cir.1986), cert. denied, --- U.S. ----, 55 U.S.L.W. 3234 (Oct. 6, 1986) (No. 86-82). This information could not have increased Biddle's sentence because the life sentence imposed was a mandatory penalty. Moreover, by failing to object to this proffer at the plea proceeding, Biddle has waived the objection on appeal. See Baker v. United States, 781 F.2d 85, 90 (6th Cir.1986), cert. denied, --- U.S. ----, 55 U.S.L.W. 3424 (Dec. 15, 1986) (No. 85-7080).
 
 
 11
 We accordingly affirm the judgment of conviction. Finding that the issues are adequately developed in the materials before the Court and that argument would not aid the decisional process, we dispense with oral argument pursuant to Fed.R.App.P. 34.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Such a motion is properly directed to the district court not this Court in the first instance. 28 U.S.C. Sec. 2255. We therefore do not rule on the motion
 
 
 [2]
 Any challenge to the adequacy of defense investigation prior to the plea would have to be pursued under 28 U.S.C. Sec. 2255 and cannot be considered on direct appeal. See United States v. Mandello, 426 F.2d 1021 (4th Cir.1970)