851 F.2d 356
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie WILSON, Defendant-Appellant.
 No. 87-5171.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 27, 1988.
Decided: July 5, 1988.
 
 Carroll A. Weimer, Jr. (Weimer & Boyce), for appellant.
 Henry E. Hudson, United States Attorney; Barry M. Tapp, Special Assistant United States Attorney, for appellee.
 Before JAMES DICKSON PHILLIPS, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eddie Wilson appeals his conviction on September 1, 1987, of possession with intent to distribute pentazocine, a Schedule IV controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1). He claims that Lieutenant Grillo should not have been allowed to testify as an expert concerning drug practices at Lorton Reformatory. Additionally, Wilson maintains that his attorney's failure to conduct pretrial investigation and to interview witnesses constitutes ineffective assistance of counsel. Finding these contentions to be without merit, we affirm the conviction.
 
 
 2
 Lieutenant Grillo testified about the possession, use and distribution of drugs within Lorton. Grillo had been formally trained so that he could identify drugs commonly found at correctional facilities. Since 1976, Grillo had talked with many inmates about drug usage at Lorton. He had qualified as an expert on drug practices in several trials, taught a course in contraband at the training academy for new officers, and participated in over one hundred fifty narcotics investigations. Furthermore, Grillo stated that he had been involved in the seizure of pentazocine on many occasions.
 
 
 3
 Wilson objected to further testimony by Grillo, claiming that the requisite foundational predicate had not been laid for Grillo to testify as an expert and to give his opinion that Wilson's possession of drugs and money indicated that Wilson intended to distribute the drugs he possessed. The district court overruled the objection, and the testimony was admitted. This was not an abuse of discretion. See Salem v. United States Lines Co., 370 U.S. 31 (1962); United States v. Phillips, 593 F.2d 553 (4th Cir.), cert. denied, 441 U.S. 947 (1979).
 
 
 4
 Wilson's claim that trial counsel was ineffective is without merit. First, we note that, in general, a claim of ineffective assistance is inappropriate on direct appeal unless the trial record conclusively shows counsel's ineffectiveness. United States v. Mandello, 426 F.2d 1021 (4th Cir.1970). Secondly, Wilson offers no support for his claim: he neither names the witnesses nor indicates what their testimony would have been. It is clear that under Strickland v. Washington, 466 U.S. 668 (1984), ineffectiveness has not been established.
 
 
 5
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 AFFIRMED.