900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert William LACY, Defendant-Appellant.
 No. 88-5616.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 7, 1989.
Decided: April 11, 1990.
As Amended May 3, 1990.
Rehearing and Rehearing In Banc Denied May 2, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (C/A No. CR-2:88-35)
 William J. Doran, III, Richmond, Va., for appellant.
 Amy Michelle Lecocq, Assistant United States Attorney, Charleston, W. Va. (ARGUED) for appellee; Michael W. Carey, United States Attorney, Charleston, W. Va., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Albert William Lacy was indicted by a federal grand jury for conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. Sec. 846 (count one), distribution of .54 grams, 3.09 grams, and 6.06 grams of cocaine (counts two, three and four), possession of 340.8 grams of cocaine with intent to distribute (count five), possession of 1160.3 grams of marijuana (count six), and causing bodily injury to a person who has provided information to law enforcement officers relating to the commission of a federal offense in violation of 18 U.S.C. Sec. 1513(a)(2) (count seven). Lacy entered into a plea agreement with the government. Pursuant to that agreement he pled guilty to counts one, five and six of the indictment. In return, the government agreed not to press the remaining counts, and promised not to recommend a specific sentence to the court. The agreement also stated that the Federal Sentencing Guidelines apply to Lacy's case.
 
 
 2
 Lacy appeared before District Judge Charles H. Haden, II. The government read the terms of the plea agreement into the record, and then Judge Haden questioned Lacy as required by Fed.R.Crim.P. 11 to determine whether his plea was voluntary. The court determined that the sentencing guidelines range for Lacy's offense was 110 to 137 months imprisonment. After hearing from both parties, the court determined to depart upward 19 months based upon the seriousness of the offense, the purity of the cocaine involved, and the extent of the obstruction of justice in the case. The court sentenced Lacy to 156 months imprisonment.
 
 
 3
 Following the sentencing hearing, Lacy filed a notice of appeal and motion for correction of illegal sentence. Lacy now asks this court to find that the government breached the plea agreement and that the sentencing court erred in departing upward from the range provided in the Sentencing Guidelines for his crimes. After carefully considering the briefs and listening to oral argument, this court finds that the government's conduct did not violate the plea agreement and that the court properly departed upward from the guidelines' sentencing range.
 
 I.
 
 4
 Lacy argues that the government violated its promise in the plea agreement not to recommend a specific sentence to the court. The agreement states:
 
 
 5
 It is understood that the matter of sentencing is within the sole discretion of the Court and the United States will make no recommendation as to a specific sentence.
 
 
 6
 The government did not, in fact, recommend a specific sentence to the court. Rather the government recommended incarceration for Lacy and argued that the court should depart upwards from the Guidelines range for Lacy's offenses because of the seriousness of his crimes, the purity of the cocaine involved, and the extent of the obstruction of justice caused by Lacy. We find that this conduct did not violate the agreement or mislead Lacy because the agreement specifically provides that the government can inform the court as to the nature and seriousness of the offenses, and can also correct any inadequacies in the presentence report. In the same paragraph in which the agreement states that the government will not recommend a specific sentence, the agreement states:
 
 
 7
 However, the United States retains the right to inform the probation office and the Court of any relevant facts, to address the Court with respect to the nature and seriousness of the offense and to offense related conduct, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of Mr. Lacy.
 
 
 8
 This language should have alerted Lacy to the fact that the government was not required to stand silent or act as a neutral party during sentencing procedures. We also note that counsel for Lacy made no objections at the time the government was arguing for incarceration and an upward departure. The absence of an objection is further indication that Lacy understood that these arguments did not violate the agreement.
 
 
 9
 Lacy, in effect, interprets the agreement to require the government to remain neutral. The government, however, did not promise to remain neutral in this case, nor did it promise to withhold information from the court. The government, in fact, does not have a right to withhold such information. United States v. Reckmeyer, 786 F.2d 1216, 1223 (4th Cir.), cert. denied, 479 U.S. 850 (1986). The agreement in this case made it clear that the government would not remain silent. Lacy should not have expected the government to remain neutral when it did not make that promise.
 
 II.
 
 10
 Lacy also argues that the departure in this case was unreasonable and violated his due process rights because it was based upon hearsay evidence and unadjudicated allegations that formed the basis of charges in the indictment that the government agreed to dismiss.
 
 
 11
 The evidence concerning obstruction of justice was part of the relevant conduct which caused the court to depart upward. The court's finding that Lacy obstructed justice was based primarily upon statements made by and about Pamela Wolfe.
 
 
 12
 Pamela Wolfe testified at a grand jury hearing on May 11, 1988 that Lacy violently beat her because he thought she provided information to the government about him. Wolfe's sister and brother-in-law testified under oath that while in the hospital after this first attack, Wolfe told them that Lacy beat her. During a second hospitalization, Ira Kirkendoll and Mark Snyder tape recorded an interview with Wolfe in which she stated that Lacy beat her because of her involvement with federal authorities. However, before being released from the hospital, Wolfe signed statements denying her earlier accusations. She sent a copy of one of these statements to Lacy.
 
 
 13
 The district court can depart upward if it determines that a particular aggravating circumstance was "not adequately taken into consideration by the Sentencing Commission." United States v. Van Dyke, No. 89-5502, Slip Op. at 4-5 (4th Cir., Feb. 12, 1990). On appeal, this court reviews the departure to determine whether it is reasonable. Id. at 5.
 
 
 14
 Whether or not obstruction of justice was a proper basis for departure is a question of law. See United States v. Summers, 893 F.2d 63, 66 (4th Cir.1990). The guidelines specifically provide for a 2-level adjustment for obstruction of justice in section 3C1.1. However, the comments for section 3C1.1 indicate that the degree of obstruction involved in this case was not contemplated by the Commission. We thus find that the conduct involved in this case was a proper basis for departure.
 
 
 15
 We also review the departure to determine whether there was sufficient evidence to support the finding that the circumstances for departure existed. We will not overturn the departure for lack of evidentiary support unless the district court finding was clearly erroneous. Id. at 67. Based upon the record in this case, we find that there was ample evidence to support a finding of obstruction of justice.
 
 
 16
 Finally, we consider whether the "identified departure circumstance 'should result' in a sentence" above the sentencing guidelines range. Id. The decision to depart should not be reversed on this basis unless the court finds an abuse of discretion. We find no abuse of discretion in this case.
 
 
 17
 We also find that Lacy's due process claim is without merit. The Federal Rules of Evidence do not govern the sentencing hearing. The Sentencing Guidelines explain:
 
 
 18
 In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.
 
 
 19
 U.S.S.G. Sec. 6A1.3(a).
 
 
 20
 This court explained the meaning of due process at the sentencing hearing in United States v. Urrego-Linares, 879 F.2d 1234, 1237-38 (4th Cir.), cert. denied, 110 S.Ct. 346 (1989). At the sentencing stage, "the defendant's guilt has already been established beyond a reasonable doubt." Id. at 1237-38. Due process at sentencing requires that the court determine the defendant's sentence "in accordance with the applicable law and based upon reliable evidence." Id. at 1239. The defendant is entitled to "contest assertions by the government that are designed to enhance his sentence...." Id.
 
 
 21
 Sentencing procedures under the guidelines are substantially more favorable to the defendant than they were before the guidelines were adopted. Before the guidelines were adopted, the sentencing court "intuitively fashioned what it considered an appropriate sentence and did so without any obligation to give reasons and many times without ultimate resolution of disputed facts." Id. at 1238. Under the guidelines, the court must find facts by a preponderance of the evidence before departing upward. Id. at 1238. Under this standard,
 
 
 22
 [f]airness to a defendant is substantially increased ... for if a court is considering applying an aggravating factor which will have the effect of increasing the sentence, the court must afford a defendant the opportunity to oppose and specifically address its application.
 
 
 23
 The government agreed to dismiss charges against Lacy for obstruction of justice. The government acted in compliance with the plea agreement and dismissed those counts of the indictment. However, the government did not, and could not agree to withhold information from the court regarding Lacy's relevant conduct.
 
 
 24
 Lacy was provided an opportunity at the sentencing hearing to contest the assertions made by the government that he intimidated Pamela Wolfe and threatened others. See Transcript at 11-12. His attorney argued for a downward departure and against consideration of the evidence of obstruction of justice. Because the decision to depart upwards was based upon reliable evidence and because Lacy was afforded an opportunity to contest the government's assertions, we find that the procedures accorded Lacy during the sentencing hearing did not deprive him of due process.
 
 III.
 
 25
 In addition to the briefs prepared by counsel in this case, Lacy filed a pro se reply brief and a supplemental brief. The arguments made in the reply brief are addressed above.
 
 
 26
 In the supplemental brief Lacy also argues that he was denied effective assistance of counsel because counsel failed to provide him with a rational understanding of the law and to advise him as to his options. At this time, however, the court is unable to effectively address this claim. A claim of ineffective assistance of counsel is more appropriately resolved in a 28 U.S.C. Sec. 2255 proceeding. This is in part because it would be "grossly unfair" to find fault in counsel's representation "without having in the record some statement from him." United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970); see also United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 459 U.S. 843 (1982). We add, however, that there is little, if any, evidence in the record to support such a claim in this case.
 
 
 27
 AFFIRMED.