981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Melvin Lee SHARP, Defendant-Appellant.
 No. 91-5066.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 2, 1992
Decided: December 21, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-90-255)
 ARGUED: Jill Cheree Mayfield-Bissett, Larry L. Rowe, Attorneys at Law, Charleston, West Virginia, for Appellant.
 Paul Arthur Billups, Assistant United States Attorney, Huntington, West Virginia, for Appellee.
 ON BRIEF: Larry L. Rowe, Larry L. Rowe, Attorneys at Law, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 Affirmed.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Melvin Lee Sharp seeks to challenge his conviction by guilty plea on two counts of a four count indictment centered on drug trafficking, contending that he received ineffective assistance of counsel prior to and at his plea hearing and that his plea hearing was conducted in a manner violating Rule 11 of the Federal Rules of Criminal Procedure. We conclude that the ineffective assistance claim is not properly before us, and that the Rule 11 plea hearing was conducted properly, and therefore affirm the judgment.
 
 
 2
 * A federal grand jury indicted Sharp on charges of conspiracy to distribute cocaine base, 21 U.S.C. § 846, aiding and abetting the intentional killing of a person in the course of a continuing criminal enterprise, 21 U.S.C. § 848(e)(1); 18 U.S.C.s 2, possession of a firearm in the course of a drug trafficking offense, 18 U.S.C. § 924(c)(1), and obstruction of justice, 18 U.S.C. § 1512(b)(3). The indictment grew out of his association with the "Newport News" group, which was engaged in the distribution of cocaine base in Huntington, West Virginia. A "turf war" between that group and certain rivals produced two gun battles, the second of which resulted in the death of a rival group member. Sharp was present and in possession of a firearm at that second gunfight.
 
 
 3
 Following plea negotiations, Sharp executed a plea agreement with the government in which he agreed to plead guilty to the conspiracy and firearm possession counts. Paragraph three of that agreement stated that Sharp's maximum exposure to imprisonment under the agreement was twenty-five years. Joint Appendix at 203. Paragraph six stated that "the matter of sentencing is within the sole discretion of the Court ... " J.A. at 204.
 
 
 4
 During a three hour Rule 11 plea hearing, Sharp and his five codefendants were instructed on the applicable law, the facts alleged by the government, and the potential penalty to be imposed. In particular, they were told by the district judge that with respect to the firearms possession count:
 
 
 5
 the maximum penalty that could be imposed and would be imposed would be a mandatory term of imprisonment for five years ...
 
 
 6
 Now, when I say a mandatory term of imprisonment of five years, the Court is required absolutely by the law to sentence anybody who pleads guilty to Count Four of the indictment [the firearms possession count] to five years imprisonment. I have no choice.
 
 
 7
 J.A. at 240-41. In response to the question, "Do all of you understand that?", Sharp and his codefendants each responded in the affirmative, and the hearing continued. The judge next explained the consequence of consecutive sentencing on the firearms possession count, although he erroneously referred to Count Five of the indictment rather than Count Four, the possession count:
 
 
 8
 Also, that five-year term will run consecutively as to any term of imprisonment that shall be adjudged-that you shall be adjudged to serve under any conviction under Count Two of the indictment, and by that I mean this. If a defendant-if a given one of you defendants pleads guilty to Count Two of the indictment and also pleads guilty to Count Five of the indictment, then you will first have to serve any prison term that may be imposed upon you because of your conviction under Count Two and then you will begin to serve a full five-year mandatory prison term that will be imposed upon you for your conviction under Count Five. Do you all understand that?
 
 
 9
 J.A. at 241. All the defendants, including Sharp, again responded affirmatively. Later in the hearing the judge returned to the topic once again, this time referring correctly to Count Four of the indictment:
 
 
 10
 I want each of you five defendants fully to understand that the total penalty and punishment that of a certainty will be imposed upon you if you plead guilty to Count Four of this indictment will be a mandatory sentence of you to prison for a term of five years, ... [a]nd I further now tell you that that five-year term of imprisonment will be in addition to and run consecutively as to any sentence of imprisonment that may be imposed upon you should you plead guilty to Count Two of the indictment. That is to say, you will first have to serve whatever prison term is imposed upon you under Count Two and then you will begin to serve the five-year prison term that shall be imposed upon you mandatorily under Count Four. Do all of you understand that?
 
 
 11
 J.A. at 270-71. Sharp and his codefendants responded affirmatively. Shortly thereafter, the judge returned to the issue a final time, reminding the defendants that
 
 
 12
 if you plead guilty to Count Four of the indictment, the maximum penalty that would be imposed upon you of a certainty would be that you be sentenced to prison for no more than five years ... as I have said, bear in mind that that fiveyear sentence under Count Four is mandatory and would run consecutively as to any prison sentence that may be imposed upon you under Count Two. Do all of you understand that?
 
 
 13
 J.A. at 282-83. Sharp and his codefendants again responded affirmatively. At the conclusion of the plea hearing Sharp, having raised no objection to the conduct of the Rule 11 hearing, pled guilty to both counts. He was sentenced to consecutive terms of imprisonment of twenty-one months on the conspiracy count and sixty months on the firearms possession count.
 
 
 14
 This appeal followed.
 
 II
 
 15
 Sharp seeks to challenge his conviction and sentence on the two grounds that his guilty plea was invalidly obtained by virtue of ineffective assistance of his counsel and prejudicial irregularities in the conduct of his Rule 11 guilty plea hearing. We take these in order.
 
 
 16
 * Sharp's claim of ineffective assistance of counsel tainting his guilty plea asserts that his counsel (1) failed to ensure that Sharp's plea hearing was conducted in such a way as to guarantee that his plea was voluntary, (2) failed to satisfactorily explain the consequences of Sharp's plea to him, and (3) failed to zealously pursue Sharp's potentially meritorious defenses and inform the court of them.
 
 
 17
 We decline to consider this claim, in any of its aspects, on this direct appeal. It cannot properly be addressed on the record before us, but only by a proceeding under 28 U.S.C. § 2255. United States v. Mandello, 426 F.2d 1021, 1022-23 (4th Cir. 1970).
 
 B
 
 18
 Sharp's claim of irregularities in the conduct of his Rule 11 plea hearing asserts violations of various provisions of the Rule,* but the crux of his claim is simply that the district judge failed to establish on the record that Sharp understood the consequences of his plea to the firearms possession count.
 
 
 19
 We disagree. The judge specifically explained that the five-year sentence on the firearms possession count was both mandatory and consecutive. In fact, he did so three times, as the facts recited above show. Each time, Sharp responded to a direct inquiry from the judge by indicating that he understood. The fact that the judge once referred to the firearms possession count as "Count Five" rather than "Count Four" cannot, taken in context, be said to have been misleading. Even if it could have been, the judge's second and third reiterations of the consequences of pleading guilty to "Count Four" would have erased any misimpression which Sharp might have had. Furthermore, there is no need for a judge to reiterate his explanation of the consequences of a guilty plea for each of several similarly situated defendants, so long as he secures individual affirmations of understanding from them.
 
 
 20
 In summary, the judge properly informed Sharp of the mandatory minimum penalties he faced, as required by Rule 11(c)(1). To the extent Sharp's brief may be read to contest the adequacy of the judge's determination that his plea was voluntary and supported by an adequate factual basis, see Rule 11(d) and 11(f), that claim is without merit. The judge heard adequate evidence of the plea's factual basis, see, e.g., J.A. at 309-11, and conducted a careful inquiry to assure that it was voluntarily entered, see, e.g., J.A. at 292-93. The requirements of Rule 11 were well satisfied.
 
 III
 
 21
 We find that Sharp's claim of ineffective assistance is not properly before us and his claim of Rule 11 irregularities is without merit. The judgment of the district court is therefore
 
 
 22
 AFFIRMED.
 
 
 
 *
 Rule 11. Pleas
 (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
 (1) ... the mandatory minimum penalty provided by law ...
 (d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty ... without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty ... results from prior discussions between the attorney for the government and the defendant or the defendant's attorney.
 (f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.