73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Howard Charles HUDSON, a/k/a Star, a/k/a Boss, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael HUNTER, a/k/a Big Mike, Defendant-Appellant.
 Nos. 94-5392, 94-5393.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 27, 1995.
Decided Dec. 7, 1995.
 
 Jon M. Babineau, Norfolk, Virginia; Patricia B. Dickey, Norfolk, Virginia, for Appellants. Helen F. Fahey, United States Attorney, William D. Muhr, Special Assistant United States Attorney, Fernando Groene, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In these consolidated appeals, Michael Hunter and Howard Hudson appeal from numerous convictions related to drug trafficking. Both were convicted of conspiracy to distribute and to possess with the intent to distribute crack cocaine, 21 U.S.C. Sec. 841(a)(1) (1988); 21 U.S.C.A. Sec. 846 (West Supp.1995). Hudson was convicted of eleven counts of distribution of crack cocaine, 21 U.S.C. Sec. 841(a)(1), and three counts of possession with intent to distribute, 21 U.S.C. Sec. 841(a)(1), over a period from June 1990 to October 1992. In addition, Hudson was found guilty on two counts of use of a firearm in relation to a felony drug trafficking crime, 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1995), and one count of interstate travel in aid of racketeering, 18 U.S.C.A. Sec. 1952(a)(3) (West Supp.1995). Both appellants maintain that there was insufficient evidence to support their convictions. We affirm.
 
 
 2
 When reviewing a conviction for sufficiency of the evidence, we inquire whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Glasser v. United States, 315 U.S. 60, 80 (1942). If so, we must affirm the conviction.
 
 I. No. 94-5393: Michael Hunter
 
 3
 Hunter was charged with entering into a conspiracy with Hudson and others during the summer of 1990 to possess and distribute more than fifty grams of crack cocaine. The Government produced the testimony of Kim Copeland, Joyce Myrick, Derek Montgomery, Linda Barnes, Craig Hargrove and others,* each of whom testified about Hunter's participation in the distribution of crack cocaine with Hudson. Their statements at trial revealed that Hunter recruited drug customers and brought them to Hudson, collected money owed Hudson for drugs, and dealt drugs for Hudson. Based on this evidence, we find that a rational juror could infer beyond a reasonable doubt that Hunter and Hudson entered into an agreement to possess and distribute crack cocaine.
 
 II. No. 94-5392: Howard Hudson
 
 4
 The Government's case against Hudson involved the testimony of twenty-nine witnesses, several of whom were named as coconspirators and were convicted. According to these witnesses, Hudson ran an extensive cocaine dealing operation over a three year period. Their testimony established that Hudson maintained a network of customers, couriers, and other persons who stored drugs for him. Based on this evidence, we uphold Hudson's conspiracy conviction.
 
 
 5
 In support of the Government's charge that Hudson engaged in interstate travel in aid of racketeering, witnesses reported accompanying Hudson on numerous trips from Virginia to New York City, where Hudson purchased large quantities of crack cocaine for sale in Virginia. One witness testified that he traveled with Hudson to North Carolina to deliver crack cocaine to Hudson's agents and to collect money from drug sales.
 
 
 6
 Witness testimony also established that Hudson often carried a 9 mm firearm while trafficking in crack cocaine. In all, at least eight witnesses claimed they saw Hudson carrying a 9 mm firearm while conducting drug-related business. The testimony of James and Melvin
 
 
 7
 Boone, Kenneth Jernigan, Mervin Myrick, and others established Hudson's possession of a 9 mm firearm in 1991 and 1992.
 
 
 8
 We also find that Hudson's conviction on eleven counts of crack cocaine distribution is sufficiently supported by the testimony of several witnesses who established Hudson's sale of crack cocaine on virtually a daily basis during much of the time covered by the indictment. Most of the twenty-nine witnesses offered by the Government at trial provided eyewitness accounts of Hudson's drug sales. Similarly, the jury's finding of Hudson's guilt on three additional counts of possession of crack cocaine with intent to distribute was supported by voluminous trial testimony. Witnesses established that Hudson was in virtually constant possession of large quantities of crack cocaine from 1990 to the date of his arrest in 1993.
 
 
 9
 Hudson asserts on appeal that he received ineffective assistance of counsel. Hudson explains that his trial attorney failed to object to the "hearsay" testimony of Hudson's co-conspirators, and failed to move for acquittal at the conclusion of the Government's case in chief and after the jury returned its verdict. Hudson also claims that his counsel refused to call certain witnesses for his defense, but does not identify any such witnesses. A claim of ineffective assistance of counsel may not be brought on direct appeal unless it "conclusively appears" in the trial record that counsel did not provide effective representation. United States v. Williams, 977 F.2d 866, 877 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3583 (U.S.1993); United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970). Because Hudson has made no such showing of ineffective assistance, we find that his claim on this issue is not properly before this court.
 
 
 10
 Hudson has filed a motion to file a pro se supplemental brief. He has filed an additional supplemental brief which we construe as another motion to supplement. In his supplemental briefs, he charges that: (1) the district court failed to investigate sufficiently alleged jury misconduct; (2) he was improperly sentenced based upon the entire quantity of drugs involved in the conspiracy; (3) his convictions under Sec. 924(c) are unconstitutional; and (4) his sentence based upon the 100-to-1 ratio between crack and powder cocaine weight under the Guidelines is invalid under the Equal Protection Clause, the Eighth Amendment, the rule of lenity, and United States Sentencing Commission, Guidelines Manual, Sec. 5K2.0 (Nov.1993). Finally, Hudson presents an array of ineffective assistance claims. While we grant his motions to file supplemental briefs, we find the issues he properly raises on appeal meritless. We decline to consider Hudson's additional ineffective assistance claims for the reason discussed above and express no opinion as to their validity.
 
 
 11
 We affirm the district court's judgments of conviction as to both Appellants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Copeland and Myrick were named as co-conspirators in the indictment. Both pled guilty