**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4032**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MALCOLM JERMAINE CARRY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (CR-04-167)

Submitted:  September 29, 2006      Decided:  November 6, 2006

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rosemary Godwin, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Malcolm Jermaine Carry pled guilty and was convicted of conspiracy to commit armed robbery, interference with commerce by robbery and aiding and abetting, and brandishing and discharging a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 371, 924(c)(1)(A)(iii), 1951 (2000). The court sentenced Carry to the statutory maximum of 60 months on count one, a concurrent 188-month term on count 2, a consecutive statutory maximum 120-month term on count 3, and a 180-month statutory maximum term on count 6, to run concurrently with the sentences on counts 1 and 2.[*] Thus, Carry received a total of 308 months' imprisonment.

On appeal, Carry argues that because his retained attorney did not appear in federal court and his appointed attorney advised him not to plead guilty pursuant to a plea agreement, his ability to obtain a lower sentence was compromised. A claim of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that counsel was ineffective. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 126 S. Ct. 1407 (2006); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). After thoroughly reviewing the

---

[*]The guidelines ranges for counts 1, 3, and 6 were greater than the statutory maximum terms, so the court imposed the statutory maximums pursuant to USSG § 5G1.1.

record, we conclude the record in this case does not conclusively demonstrate that Carry's counsel was ineffective. Carry's allegations are not a substitute for a more extensive examination under 28 U.S.C. § 2255 (2000). See United States v. Mandello, 426 U.S. 1021 (4th Cir. 1970).

Carry also argues that his sentence is unreasonable because the court applied the sentencing guidelines as mandatory. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court excised the portions of the Sentencing Reform Act that made the guidelines mandatory, and the Court made clear that the guidelines were to be applied in an advisory manner. Carry was sentenced eleven months after the Booker decision, and there is nothing in the record to suggest the court did not apply the guidelines as advisory, as directed by Booker. To the extent Carry alleges the district court failed to properly consider the 18 U.S.C. § 3553(a) (West 2000 & Supp. 2006) factors, this sentencing argument fails. Although the court did not specifically reference § 3553(a), its explanation of why it sentenced Carry at the low end of the advisory guidelines range reflects that it considered some of the § 3553(a) factors. See United States v. Moreland, 437 F.3d 424, 432 (4th Cir.) (noting that a court need not discuss each § 3553(a) factor "in checklist fashion"), cert. denied, 126 S. Ct. 2054 (2006).

- 3 -

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED