**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5168**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCO TERRELL HUTCHINSON,

Defendant - Appellant,

and

THOMAS HUTCHINSON; TINA HUTCHINSON,

Parties-in-Interest.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, District Judge. (3:05-cr-00374-MBS)

---

Submitted:  January 4, 2008          Decided:  January 22, 2008

---

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Marco Terrell Hutchinson, Appellant Pro Se.  Christopher Todd Hagins, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marco Terrell Hutchinson appeals his conviction and sentence after a jury trial for armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (2000). On appeal, Hutchinson alleges various errors in connection with his stipulation that at the time of the robbery, "the funds and money held at the South Carolina State Credit Union were insured by the National Credit Union Administration Board." We affirm.

Hutchinson first contends the district court erred in its instructions to the jury concerning his stipulation, amounting to the removal of an essential element from the jury's consideration. We review the district court's jury instructions "in their entirety and in context." United States v. Muse, 83 F.3d 672, 677 (4th Cir. 1996) (citing Cupp v. Naughten, 414 U.S. 141, 146-47 (1973)). Because Hutchinson did not object to the instructions in the district court, our review is limited to plain error. See id. at 678. To establish plain error, Hutchinson must demonstrate that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Even when the defendant makes such a showing, we may exercise our discretion to notice the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 467, 470 (1997) (internal quotation

marks omitted) (declining to notice district court's error in failing to submit materiality element to the jury where the evidence of materiality was essentially uncontroverted, and thus no miscarriage of justice would result). "Central to this inquiry is a determination of whether, based on the record in its entirety, the proceedings against the accused resulted in a fair and reliable determination of guilt." United States v. Cedelle, 89 F.3d 181, 186 (4th Cir. 1996).

Here, the district court properly instructed the jury that the Government was required to prove all of the elements of the crime beyond a reasonable doubt; that the Government had to prove the deposits of the credit union were then insured by the National Credit Union Administration Board; and that the jury should regard the facts agreed upon in the parties' stipulations as true. The court further noted that the jury had received evidence by stipulation that the credit union Hutchinson was charged with robbing was insured at the time of the robbery by the National Credit Union Administration Board. Thus, the district court noted, "this element is satisfied and you need not concern yourself with this element." Hutchinson contends this instruction amounted to a "partial directed verdict." See Muse, 83 F.3d at 680.

Hutchinson does not, however, contend that the credit union he was found guilty of robbing was *not* federally insured. Instead, he asserts his stipulation was insufficient to satisfy

this element of the crime because it did not state the address of the credit union.  We find this argument without merit.  Even if Hutchinson were not prohibited from challenging the sufficiency of his stipulation on appeal, see Muse, 83 F.3d at 679, we find that it refers to the credit union he was convicted of robbing.  Thus, even assuming the challenged instruction constituted plain error and Hutchinson was prejudiced as a result, we would decline to notice the error.  See Johnson, 520 U.S. at 470.

Hutchinson further contends his attorney was ineffective. We may address Hutchinson's contention on direct appeal only if his lawyer's ineffectiveness conclusively appears from the record.  See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).  We have reviewed the record and find it does not conclusively show ineffective assistance.  Accordingly, we conclude that this claim is unreviewable at this stage.[*]  We reject Hutchinson's remaining claims on appeal as without merit.  The district court did not err by referring to the address of the credit union when discussing the stipulation.  Nor has Hutchinson shown any error by the Government or the district court in the manner in which the stipulation was entered into the record.  Finally, Hutchinson has not shown that the district court erred in failing to determine whether he

_____

[*]Our conclusion that we may not review Hutchinson's ineffective assistance claim is not "intended to prejudice, or prejudge, in any way [his] right to apply for relief in a [habeas corpus] proceeding, should he choose to invoke such remedy." United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir. 1970).

consented to the stipulation, or whether it was knowing and voluntary under Fed. R. Crim. P. 11. Hutchinson does not dispute that the stipulation was signed both by him and his attorney. Moreover, the stipulation did not amount to a de facto guilty plea on the charge as a whole, and no Rule 11 procedures were required. See Muse, 83 F.3d at 681.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED