**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4189**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KAREEM JAMAAL RUSSELL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:05-cr-00384-NCT)

Submitted:  January 18, 2008          Decided:  February 4, 2008

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Romallus O. Murphy, LAW OFFICE OF ROMALLUS O. MURPHY, Greensboro, North Carolina, for Appellant. David Paul Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Jamaal Russell pled guilty to one count of conspiracy to distribute fifty grams or more of cocaine base and five hundred grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and the district court sentenced him to 188 months in prison and ten years of supervised release. Russell's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether Russell received ineffective assistance of counsel in presenting his objections to the presentence report in view of counsel's job change while representing him. Russell was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Adopting the findings and guideline calculations in the presentence report, the district court determined Russell's advisory guideline range was 292 to 365 months, and his mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) (2000) was twenty years in prison. The court granted the Government's motion for a downward departure based on Russell's substantial assistance, and granted Russell's counsel's request that he be sentenced to the low end of his departure range. On appeal, Anders counsel notes that Russell filed his own pro se objections to the presentence report, and his trial attorney moved to withdraw after accepting a position

- 2 -

with a public defender's office and receiving notice that Russell's sentencing would be continued to a date after he left his private law practice. However, the district court denied the motion to withdraw, and <u>Anders</u> counsel concludes that Russell's sentence is reflective of a significant benefit from his attorney's representation. We may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record. <u>See</u> <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir. 2006). We have reviewed the record and find it does not conclusively show ineffective assistance. Accordingly, we conclude that the claim is unreviewable at this stage.[*]

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

---

[*]Our conclusion that we may not review Russell's ineffective assistance claim is not "intended to prejudice, or prejudge, in any way [his] right to apply for relief in a [habeas corpus] proceeding, should he choose to invoke such remedy." <u>United States v. Mandello</u>, 426 F.2d 1021, 1023 (4th Cir. 1970).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                                        AFFIRMED