944 F.2d 902
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ali Jemah COTTON, Defendant-Appellant.
 No. 90-5223.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1991.
Decided Sept. 24, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Norwood Carlton Tilley, Jr., District Judge. (CR-90-111-D)
 Donald Melvin Temple, Laurinda Lopes Hicks, Temple, Hanten, Pearson & Hicks, Washington, D.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ali Jemah Cotton appeals his convictions arising from a plea of guilty to a four-count indictment alleging federal firearms and narcotics violations. We affirm.
 
 
 2
 The first trial against Cotton ended in a mistrial. On the morning of the date set for a second trial, after the district court refused to grant his motion for a continuance, Cotton decided to plead guilty. The court conducted a Rule 11 hearing and concluded that the plea was supported by a factual basis and that it was both knowing and voluntary. Prior to sentencing, one of the counts was dismissed on double jeopardy grounds. Cotton was then sentenced under the Sentencing Guidelines to consolidated terms of 51 months on the drug charges and a mandatory consecutive 30-year sentence for the conviction under 18 U.S.C. § 924(c)(1) of using a machine gun during a drug trafficking crime. Cotton filed a timely notice of appeal from his convictions.[1] Cotton raises four issues on appeal; we address them in order.
 
 
 3
 Cotton claims that he received ineffective assistance of counsel below. Claims of ineffective assistance may not be raised on direct appeal unless it "conclusively appears" from the trial record that the defendant did not receive effective assistance of counsel. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973); United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970). Such claims are more properly raised in a proceeding under 28 U.S.C. § 2255. Id. We cannot conclusively say from the present record that Cotton received ineffective assistance; we therefore do not consider these claims at this time. Cotton will be free to raise them in a later petition for collateral review.
 
 
 4
 Cotton next argues that his plea was coerced and unknowing. He contends that the plea was coerced because of the court's action in denying his motion for continuance and because of his counsel's "rushed" legal advice. To the extent that he argues he was coerced by counsel's advice, this states an ineffective assistance claim which may only be considered under § 2255.[2] As to the coercive effects of the court's action, Cotton stated at the Rule 11 hearing that the plea was totally voluntary and offered of his own free will. He also stated that no one had threatened him in an effort to secure his plea. These statements do not support a claim that Cotton felt coerced into pleading guilty, and such statements by the defendant constitute a "formidable barrier" to subsequent challenges to the plea. Blackledge v. Allison, 431 U.S. 63, 75 (1977). We do not believe that the time period allowed for deciding whether to plead or go to trial, by itself, forced Cotton to plead guilty.
 
 
 5
 Cotton argues that the plea was unknowing because he was not adequately informed of the possible sentences he faced. The correct sentences were announced at the plea hearing by the prosecutor. The transcript of the hearing lends no support to the argument that Cotton did not understand the penalties to which he was subject. Cotton stated that he understood the sentences. Though there may have been some confusion as to whether the deduction for acceptance of responsibility was applicable to the firearms charges, its workings were made clear to Cotton and he was told that, in any event, it was not a sure thing. The explanation of the sentences was adequate.
 
 
 6
 Cotton's third claim is that his statements made to the probation officer during the preparation of the presentence report should not have been used against him at sentencing because counsel was not present with him during the interviews. He contends that the presentence interview is a "critical stage" at which the sixth amendment guarantees the presence of counsel. Without deciding that issue, we conclude that Cotton is not entitled to any relief. He does not allege that counsel was not allowed to attend the interview or that he was forced to proceed without counsel. In such a situation, even if a sixth amendment right to counsel existed, it was waived. See United States v. Cortes, 922 F.2d 123, 128 (2d Cir.1990); see also United States v. Johnson, --- F.2d ----, No. 90-5034 (4th Cir. June 5, 1991) (reasoning of other courts holding that presentence interview is not a critical stage is "persuasive").
 
 
 7
 Cotton's final claim is that the imposition of the mandatory thirty-year sentence required by § 924(c)(1), when applied to a first-time offender, is constitutionally disproportionate. This Court has held that eighth amendment proportionality review is limited to sentences of death, or life without parole. United States v. Thomas, 900 F.2d 37, 39 (4th Cir.1990). Because the sentence imposed on Cotton is thirty years without parole his claim is without merit.
 
 
 8
 Accordingly, we affirm Cotton's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Though the notice of appeal was filed by trial counsel, Cotton has subsequently obtained new counsel who have filed the briefs in this appeal
 
 
 [2]
 To the extent that Cotton argues that the court's denial of his motion for a continuance resulted in ineffective assistance of counsel, see United States v. Larouche, 896 F.2d 815, 822-25 (4th Cir.), cert. denied, 58 U.S.L.W. 3785 (U.S.1990), we deny the claim without prejudice to ability to raise it later in a § 2255 motion