16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Bruce ARCH, Defendant-Appellant.
 No. 93-5168.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Dec. 1, 1993.
Decided Jan. 10, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, Chief District Judge. (CR-92-04-B)
 Roger T. Smith, Asheville, NC, for appellant.
 Jerry W. Miller, U.S. Atty., Thomas R. Ascik, Asst. U.S. Atty., Asheville, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Bruce Arch was convicted of engaging or attempting to engage in a sexual act with a minor female, in violation of 18 U.S.C.A. Sec. 2243(a) (West Supp.1993), within Indian country, 18 U.S.C.A. Sec. 1153 (West Supp.1993). He was sentenced to twenty-five months imprisonment followed by three years of supervised release. On appeal, he contends that his trial counsel was unconstitutionally ineffective, and that the trial court improperly excluded a witness. We affirm.
 
 
 2
 * On the night of August 25, 1991, three neighbors observed Arch with a girl, Frances "Tack" Smith, on the front steps of her house on the Cherokee Indian Reservation. Four witnesses testified that Smith was twelve or thirteen years old at the time.[1] Gaynell Bradley testified that she saw Arch and Smith come out on Smith's steps. They sat down and were "talking and carrying on. He sat down on the bottom step and she came around and got down on her knees between his legs and just ... started doing oral sex for him." Smith continued for three or four minutes. When Smith's sister came out on the porch, Arch pushed Smith away, got up, and fumbled with his pants. The other neighbors' testimony corroborated Bradley's version of events.
 
 
 3
 An officer who investigated the incident that night testified that Arch told him that he had never had sexual relations with Smith, but that she had made several advances to him in the past. An FBI agent who questioned Arch one month after the occurrence testified that Arch told him that Smith "attempted to give him oral sex but ... he was not able to achieve an erection." Arch denied that Smith's mouth touched his penis and said that her efforts continued for about one minute, until headlights from a car prompted him to stand up and fasten his pants.
 
 
 4
 At the close of the government's evidence, defense counsel moved for dismissal for insufficient evidence and lack of competent evidence of Smith's age. The court denied the motion. Arch presented testimony from Smith and her mother, and testified on his own behalf. Smith testified that she had had no sexual contact with Arch. Smith's mother testified that Arch is the father of a child by her older daughter, and that he is a good father who supports the child. Arch testified that Smith unbuckled his belt and unbuttoned his pants, but did nothing further. He denied that she touched his penis or tried to put her mouth on his penis.
 
 
 5
 Arch sought to introduce testimony from Smith's grandmother, to show that Arch had a good relationship with his son and acted appropriately with a different, fourteen-year old girl. The government objected to this witness on the ground that her name had not been presented to the jurors when they were being selected. The court held that, in light of Arch's intention to put his mother on the stand as a character witness and in view of the "marginal" nature of the evidence, he would sustain the objection to the witness. Arch subsequently decided not to call his mother as a witness.
 
 II
 
 6
 Arch argues that trial counsel[2] rendered constitutionally ineffective assistance, citing counsel's failure to object to the government's questioning of its witnesses as to the victim's age and his failure to file any pretrial motions, particularly one to suppress Arch's statement to the FBI agent. Although counsel moved to suppress the statement during trial, Arch argues that this motion was untimely and incomplete.
 
 
 7
 Normally, a claim of constitutionally ineffective assistance of counsel should be raised in a motion under 28 U.S.C.Sec. 2255 (1988). In such a proceeding, petitioner can establish a full record on the issues raised, and counsel has an opportunity to explain the reasons for his contested actions or inactions. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). Nonetheless, we review such claims in cases in which it conclusively appears on the record that defendant was denied effective assistance. See United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970). However, this is not such a case.
 
 III
 
 8
 Arch also argues that the district court's refusal to allow Smith's grandmother to testify to Arch's character is reversible error. The district court analyzed the proposed testimony under Fed.R.Evid. 404(a)(1) and excluded the witness. The district court has discretion to determine relevance, Fed.R.Evid. 402, and may exclude even relevant evidence that it determines would cause undue delay, waste time, or be needlessly cumulative. Fed.R.Evid. 403. We review such a decision for abuse of discretion. United States v. Hassan El, 5 F.3d 726 (4th Cir.1993). Although Smith did not later call the other character witness, we find that the disputed evidence had little, if any, relevance to the issues tried. Thus, we perceive no abuse of discretion. Moreover, even if we were to find error in this respect, the error would be harmless in light of the substantial evidence adduced by the government. See Fed.R.Crim.P. 52(a).
 
 
 9
 Accordingly, we affirm Arch's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Under 18 U.S.C. Sec. 2243(a)(1), the government was obligated to show that Smith had "attained the age of 12 years but[had] not attained the age of 16 years."
 
 
 [2]
 Arch has different counsel on appeal