23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anna Bella CARDENAS, a/k/a Anna Lastra, Defendant-Appellant.
 No. 93-5545.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 8, 1994.
Decided April 29, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-93-8-5)
 Richard M. Gunnoe, Zeigler, Gunnoe & Kemp, Hinton, WV, for appellant.
 Rebecca A. Betts, U.S. Atty., John C. Parr, Asst. U.S. Atty., Charleston, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The grand jury indicted Anna Bella Cardenas for conspiracy to distribute methamphetamine in violation of 21 U.S.C.A. Sec. 846 (West Supp.1993) (Count 1), and for possession with intent to distribute methamphetamine in violation of 18 U.S.C.A. Sec. 841(a)(1) (West 1981 & Supp.1993) and 18 U.S.C. Sec. 2 (1988) (Count 2). Cardenas pled guilty to Count 1, and the court dismissed Count 2. The court sentenced Cardenas to 108 months imprisonment, ordered three years of supervised release, and imposed a $50 special assessment. Cardenas appeals.* Finding no error, we affirm.
 
 I.
 
 2
 On appeal, Cardenas raises two grounds for relief. First, she asserts that she received ineffective assistance of counsel. Second, Cardenas claims that the probation officer miscalculated the total offense level in the revised presentence report.
 
 
 3
 A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C. Sec. 2255 (1988), in the district court and not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973) (citing United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970)); see also United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Because the record before us fails to establish conclusively trial counsel's ineffective assistance, we decline to review this issue at this time.
 
 
 4
 Cardenas next argues that the probation officer improperly calculated her total offense level. Absent plain error, Cardenas waived appellate review of her sentence when she failed to object to the sentencing calculation below. United States v. Grubb, 11 F.3d 426, 440 (4th Cir.1993). Cardenas admits in her brief submitted to this Court, however, that the probation officer's sentencing calculation was correct. Therefore, she asserted no error " 'so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings.' " Grubb, 11 F.3d at 440-41 (quoting United States v. Fant, 974 F.2d 559, 565 (4th Cir.1992)).
 
 II.
 
 5
 Based on the foregoing, we affirm Cardenas' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The appeal is timely under Houston v. Lack, 487 U.S. 266 (1988)