37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Elmer FLENNIKEN, Jr., Defendant-Appellant.
 No. 93-5349.
 United States Court of Appeals, Fourth Circuit.
 Oct. 12, 1994.
 Submitted: March 29, 1994.
Decided: October 12, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (CR-92-100)
 Darrell W. Ringer, Morgantown, WV, for appellant.
 William D. Wilmoth, U.S. Atty., Sam G. Nazzaro, Asst. U.S. Atty., Wheeling, WV, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Flenniken, Jr., entered a guilty plea to a violation of 21 U.S.C. Secs. 841(a)(1) & 845a (1988). Flenniken has noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Flenniken filed a supplemental brief contending that his counsel was ineffective because his attorney misinformed him of the weight of drugs that the district court would consider in sentencing.
 
 
 2
 A claim of ineffective assistance of counsel is not ordinarily permitted on direct appeal unless it conclusively appears from the trial record that counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973); United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970). No such ineffectiveness on the part of Flenniken's counsel is apparent from the record. Flenniken's claim that counsel misinformed him regarding the applicable weight of the drugs at sentencing relies on evidence that does not appear in the record as it stands. This claim of ineffective assistance is more appropriate for a motion filed pursuant to 28 U.S.C. Sec. 2255 (1988). Therefore, we do not address it.
 
 
 3
 Flenniken's counsel addressed in his brief the argument regarding the relevant weight of drugs contained in a drug carrier medium. Counsel contends that the district court may consider only the weight of the active agent in the tablets and not the carrier medium at sentencing. This argument is foreclosed by settled law in this Circuit. United States v. Meitinger, 901 F.2d 27, 29 (4th Cir.), cert. denied, 498 U.S. 985 (1990); see United States v. Daly, 883 F.2d 313 (4th Cir.1989), cert. denied, 496 U.S. 927 (1990).
 
 
 4
 Accordingly, we affirm Flenniken's conviction and sentence. As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. Therefore, we deny counsel's motion to withdraw.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.