37 F.3d 1497
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Junior RAY, Defendant-Appellant.
 No. 93-5306.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 13, 1994.
Decided Oct. 24, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., District Judge. (CR-92-252-D)
 Lisa S. Costner, Greeson, Grace & Gatto, P.A., Winston-Salem, N.C., for appellant.
 Benjamin H. White, Jr., U.S. Atty., Lisa B. Boggs, Asst. U.S. Atty., Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, HALL, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Timothy Ray pled guilty to possession with intent to distribute crack cocaine. See 21 U.S.C. Secs. 841(a)(1) & (b)(1)(B) (1988). Ray noted a timely appeal and his counsel filed a formal brief pursuant to Anders v. California, 386 U.S. 738 (1967), along with a motion to withdraw. The brief raises only the issue of whether the district court erred in declining to depart from the sentencing guidelines. Ray filed a supplemental brief challenging the efficacy of his court-appointed counsel, the voluntariness of his plea based on his competency to enter a guilty plea, and the applicability of the career offender provisions of the guidelines.
 
 
 2
 A claim of ineffective assistance of counsel is not ordinarily permitted on direct appeal unless it conclusively appears from the trial record that counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973); United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970). No such ineffectiveness on the part of Ray's counsel is apparent from the record. Ray's claim that counsel should have recognized that Ray was "[o]bviously [r]etarded" is refuted by the record and the information in the presentence investigation report (PSI). Contrary to Ray's contention, the mere fact that Ray was once institutionalized for suicidal tendencies does not make him "obviously retarded," nor render his counsel's assistance conclusively ineffective. This claim of ineffectiveness is inappropriate for direct appeal.
 
 
 3
 Ray also claims that the trial court erred in sentencing him without ordering a psychological evaluation. Broadly construed, this claim challenges his competency to enter a voluntary and intelligent plea of guilty. Due process requires that the defendant be legally competent to plead guilty. See Roach v. Martin, 757 F.2d 1463, 1480 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Shaw v. Martin, 733 F.2d 304, 314-15 (4th Cir.), cert. denied, 469 U.S. 873 (1984). A guilty plea is invalid if the defendant's mental capacities are so impaired as to interfere with the defendant's appreciating the charges against him, understanding his constitutional rights, and realizing the consequences of his plea. Roach, 757 F.2d at 1480; United States v. Truglio, 493 F.2d 574, 578-79 (4th Cir.1974). Here, the district court found as a fact that Ray was competent to plead guilty. There is simply no evidence in the record to refute this finding. Accordingly, there was no error in the district court's finding that Ray was competent to plead guilty.
 
 
 4
 Finally, Ray challenges the district court's application of the career offender guidelines to his sentence calculation. See United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1992).[1] Ray argues that the district court improperly classified one of his 1989 convictions as a violent felony for the purposes of Sec. 4B1.1. He correctly points out that of his convictions after the age of eighteen, only one was a violent felony (a 1989 robbery). However, Sec. 4B1.1 requires only that the instant offense be committed when the defendant was over eighteen. The guidelines do not impose a similar age limitation on the two previous violent felonies required to classify a defendant as a career criminal offender. U.S.S.G. Sec. 4B1.1. The court did not commit plain error in considering Ray's adult criminal conviction as a sixteen-year-old for three separate burglaries of dwellings as violent crimes for the purposes of Sec. 4B1.1. See U.S.S.G. Sec. 4B1.2, comment. (n.3). The district court properly sentenced Ray as a career criminal offender.[2] Accordingly, we affirm Ray's sentence. As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for writ of certiorari. Therefore, counsel's motion to withdraw is denied. We also deny Ray's motion to substitute counsel.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Defense counsel did not specifically object to the applicability of the provision at sentencing; she merely argued that the court should depart from the guideline range because Ray's criminal history was overrepresented by the PSI. A failure to object to an error in the sentence at the sentencing hearing results in waiver of the right to appeal the issue. United States v. Davis, 954 F.2d 182, 186-87 (4th Cir.1992). Nonetheless, incorrect application of the guidelines constituting plain error may be reviewed for the first time on appeal. See United States v. Maxton, 940 F.2d 103, 106 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S.1991)
 
 
 [2]
 In her brief, Ray's counsel correctly noted that a district court's refusal to depart from the guidelines range is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 31-32 (4th Cir.), cert. denied, 498 U.S. 819 (1990)