46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Patrick McGRAW, Defendant-Appellant.
 No. 94-5150.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 22, 1994.
Decided Jan. 11, 1995.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-93-149)
 Randolph Marshall Lee, Charlotte, NC, for Appellant. Mark T. Calloway, U.S. Atty., H. Thomas Church, Asst. U.S. Atty., Charlotte, NC, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HAMILTON and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 James Patrick McGraw appeals the district court's denial of his motion to withdraw his guilty plea on the ground that it was not entered into knowingly, freely and voluntarily. McGraw claimed his plea was involuntary because he had a defense he wished to pursue, which he did not raise in the Fed.R.Crim.P. 11 hearing because of ineffective assistance of counsel. We affirm the district court's denial of the motion to withdraw the plea.
 
 
 2
 McGraw was indicted, along with seven others, on a charge of conspiracy to possess with the intent to distribute cocaine from in or about May 1986, and continuously thereafter until in or about January 1992, in violation of 21 U.S.C. Secs. 841(a)(1), 846 (1988). On November 1, 1993, he signed a plea agreement in which he plead guilty to the charge reflected in the indictment. At the Fed.R.Crim.P. 11 hearing, the district court accepted McGraw's plea. At his sentencing hearing on January 26, 1994, McGraw made an oral motion to withdraw the guilty plea, which the district court denied.
 
 
 3
 A guilty plea is invalid if the defendant does not comprehend his constitutional protections and the charges lodged against him. Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976). A defendant must receive adequate notice of the critical elements of his case. Id. Moreover, due process requires that a defendant be legally competent to plead guilty. Roach v. Martin, 757 F.2d 1463, 1480 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Shaw v. Martin, 733 F.2d 304, 314 (4th Cir.), cert. denied, 469 U.S. 873 (1984). The plea is invalid if a defendant's mental capacities are so impaired as to interfere with his ability to appreciate the charges against him, understand his constitutional rights, and realize the consequences of his plea. United States v. Truglio, 493 F.2d 574, 578 (4th Cir.1974). This Court reviews a district court's decision on a motion to withdraw a guilty plea for abuse of discretion. United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir.1993). The district court's factual findings in support of its decision to deny the motion will be overturned only if they are clearly erroneous. United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985).
 
 
 4
 Our review of the record discloses that the district court's factual finding that McGraw's guilty plea was knowingly and voluntarily entered is not clearly erroneous. The district court's finding on this issue is fully supported by McGraw's responses during the Rule 11 colloquy. See generally United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Moreover, while McGraw contends that he had a "swift change of heart" such that the district court should have allowed him to withdraw his guilty plea, we note that by the time McGraw notified the district court that he wished to withdraw his plea, the trials of several of his co-conspirators had already taken place. Thus, the prejudice to the Government to allow McGraw to withdraw his plea at that juncture would have been great. Under these circumstances, we cannot say that the district court's denial of McGraw's motion to withdraw his guilty plea because he decided that he wished to pursue a possible defense to the crime charged was an abuse of discretion. See United States v. Lambert, 994 F.2d at 1093; United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S.1991).
 
 
 5
 McGraw also raises on appeal a claim that his attorney was ineffective because she failed to adequately investigate his defense of withdrawal from the conspiracy. A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C. Sec. 2255 (1988), in the district court, and not on direct appeal, unless it "conclusively appears" from the record that the defense counsel did not provide effective representation. United States v. DeFusco, 949 F.2d at 120-21; United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973); United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970). We find that it does not conclusively appear from the face of the record that McGraw's defense counsel failed to provide effective representation for failing to pursue the withdrawal defense sufficient for this claim to be cognizable on direct appeal. Because the claim is not conclusively established in the direct appeal record, McGraw's recourse must be to 28 U.S.C. Sec. 2255 (1988).
 
 
 6
 Accordingly, we affirm the district court's decision denying McGraw's motion to withdraw his guilty plea. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED