46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clinton Stanley MATTHEWS, a/k/a Wood, a/k/a Eastwood, a/k/a
Stanley Matthews, a/k/a Clinton Mallhew, a/k/a William
Christopher Hinton, a/k/a Bernard Jones, a/k/a Craig Jerrod
Ingram, a/k/a Ian Bernard Matthew, Defendant-Appellant.
 No. 93-5962.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1994.
Decided Jan. 24, 1995.
 
 Robert G. Byrum, SHAMES & BYRUM, P.C., Chesapeake, VA, for Appellant. Helen F. Fahey, United States Attorney, Carol M. Marx, Special Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Clinton Stanley Matthews appeals his conviction and sentence for conspiracy to distribute and to possess with the intent to distribute heroin, cocaine, and cocaine base; six counts of distribution and possession with intent to distribute cocaine and cocaine base; and one count of possession with intent to distribute heroin in violation of 21 U.S.C. Secs. 841(a), 846 (1988). On appeal, Matthews's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting five issues but stating that, in his view, there are no meritorious issues for appeal. Matthews was notified of his right to file a supplemental brief, which he failed to do. Matthews has, however, written to this Court stating that he wants to raise ineffective assistance of counsel as a basis for reversal of his conviction. After a complete and independent review of the record, we affirm.
 
 
 2
 The Government called thirty-four witnesses during the trial of this case. Of those witnesses, seven were involved in Matthews's drug distribution efforts in the Eastern District of Virginia and testified in great detail as to their knowledge and involvement. Their testimony showed that during the latter part of 1987, Matthews moved from New York City to the Eastern District of Virginia and thereafter began to distribute cocaine, cocaine base, and heroin. He purchased the cocaine powder and heroin in New York and either transported them to Virginia himself or arranged for their transportation by others. Once powder cocaine reached the Eastern District of Virginia, he "cooked" some into cocaine base or "crack," then directed the packaging of the illegal narcotics for further distribution. The proceeds from the sales of the illegal narcotics were divided among those who participated in the conspiracy, with some being used to purchase additional illegal narcotics and the rest being used for personal living expenses and purchases.
 
 
 3
 In addition to those involved in the conspiracy, the Government also elicited testimony from law enforcement officials in various locations in the Eastern District of Virginia regarding their contacts with Appellant and his co-conspirators during the course of the conspiracy.
 
 
 4
 Matthews's counsel filed an Anders brief, in which he noted five overruled objections (concerning the testimony of three witnesses) as issues on appeal. As counsel properly recognizes, these rulings do not constitute error. Furthermore, even if the testimony of each of the three witnesses was stricken in conformance with counsel's objections at trial, there would remain in the record overwhelming evidence of Matthews's drug-related activity. Therefore, since we believe it highly probable that the alleged errors did not affect the jury's verdict, any potential error was harmless. See United States v. Nyman, 649 F.2d 208, 212 (4th Cir.1980).
 
 
 5
 To the extent that Matthews alleges ineffective assistance of counsel, this claim should be raised by motion under 28 U.S.C. Sec. 2255 (1988), in the district court and not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973) (citing United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970)); see also United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Because the record before us fails to establish conclusively trial counsel's ineffective assistance, we decline to review this issue at this time.
 
 
 6
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the judgment and order of the district court. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.