**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 94-5396

ROY DANIEL WEISS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Terrence W. Boyle, District Judge.
(CR-93-16, CR-93-24, CR-93-25)

Submitted: January 30, 1996

Decided: April 12, 1996

Before NIEMEYER and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Albert M. Neal, Jr., Canton, North Carolina, for Appellant. Thomas
Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY,
Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Roy Daniel Weiss pled guilty, pursuant to a plea agreement, to three counts of bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) (1988), and the use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (West Supp. 1995). The court accepted Weiss's guilty plea, but postponed finding a factual basis for the plea until sentencing.

The court subsequently held a hearing at which it found a factual basis for Weiss's guilty plea, denied his motion to withdraw his guilty plea, and sentenced him to eighty-seven months imprisonment on each bank robbery count to run consecutive to sixty months imprisonment imposed pursuant to the firearm conviction.

Weiss noted a timely appeal. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming that the district court erred by: (1) denying Weiss's motion for a continuance to present his motion to withdraw his guilty plea; (2) denying his motion to withdraw his guilty plea; and (3) denying his motion to continue his sentencing hearing. Weiss filed a supplemental brief claiming that the district court: (1) did not have jurisdiction to enter a judgment or sentence against him; (2) erred when accepting his guilty plea without first determining his competency to enter a plea; (3) denied him effective assistance of counsel by not granting his counsel additional time to prepare; and (4) erred by failing to find an adequate factual basis that the robbed banks were insured by the F.D.I.C.

The denial of a motion for a continuance is reviewed for an abuse of discretion. Morris v. Slappy, 461 U.S. 1, 11-12 (1983). A trial court abuses its discretion when it denies a continuance based upon an unreasonable and arbitrary insistence on expeditiousness. Id. The district court did not abuse its discretion in denying Weiss a continuance to present his withdrawal motion. There was no merit in the motion to withdraw the plea, and the record reveals no unreasonable or arbitrary insistence or expeditiousness.

2

A defendant does not have an absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). If a motion to withdraw a guilty plea is made before sentencing, a district court may grant the motion upon a showing of any fair and just reason. Fed. R. Crim. P. 32(d). This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Puckett , 61 F.3d 1092, 1099 (4th Cir. 1995). The district court's factual findings in support of its denial will not be overturned unless they are clearly erroneous. United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985).

The relevant factors weigh against Weiss. First, Weiss has not shown that his guilty plea was entered unknowingly or involuntarily. Moore, 931 F.2d at 248. The transcript from the guilty plea hearing reveals that the court conducted an extensive and adequate plea hearing. The court specifically found, after questioning Weiss, that Weiss was capable and competent of pleading guilty, and he pled guilty freely and voluntarily, with the understanding of the nature of the charges against him and the consequences of pleading guilty. Weiss testified that nobody intimidated, threatened, or harassed him, or influenced his decision to plead guilty. He further testified that nobody made him promises of leniency other than those contained in his plea agreement. Furthermore, a psychiatric evaluation prepared subsequent to this plea hearing did not reveal that Weiss was incompetent to plead guilty. Second, Weiss has never alleged that he was innocent of the charges to which he pled guilty. Id. Third, Weiss moved to withdraw his guilty plea approximately seven months after his guilty plea hearing. Id. Fourth, there is no evidence that Weiss's counsel rendered ineffective assistance of counsel. Id. At his Rule 11 hearing, Weiss testified that he had had enough time to discuss with his attorney any possible defenses, was satisfied with the services of his counsel, and told his counsel everything he wanted his counsel to know about the case. Fifth and sixth, there would have been substantial prejudice to the Government had the court granted Weiss's motion, and granting Weiss's motion would have inconvenienced the court and wasted judicial resources. Id. Although the district court did not make specific findings as to these factors, the record reveals that the court and the Government were ready to proceed to trial when Weiss pled guilty. Therefore, the district court did not abuse its dis-

3

cretion in denying Weiss's motion to withdraw his guilty plea. Puckett, 61 F.3d at 1099.

Weiss claims that the district court erred by not granting him a continuance to present objections to his presentence report. At his sentencing hearing the court personally addressed Weiss and asked him whether he had any objections to the report that would affect the calculation of his sentencing guideline range. Neither Weiss nor his counsel offered any objections. Therefore, the court did not abuse its discretion in denying Weiss a continuance to present his objections to the presentence report. Morris, 461 U.S. at 11-12.

Weiss contends that the district court did not have jurisdiction to convict or sentence him because the district court docket sheet states that the court granted his motion to withdraw his guilty plea on March 24, 1994. However, this entry is incorrect. The transcript from the March 24 hearing at which Weiss's initial counsel was discharged reveals that the court intended for Weiss's new counsel to "pick up the case addressing both the matter of evaluation of the presentence report and withdrawal of the plea." Thus, this claim is meritless.

Weiss contends that the court erroneously accepted his guilty plea without first determining whether he was competent to enter a plea. An alleged violation of Fed. R. Crim. P. 11 is reviewed under a harmless error standard. Rule 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992). The transcript from the plea hearing reveals that the court did determine Weiss's competency before accepting his guilty plea. At the time the plea was entered, Weiss was thirty-nine years old and had completed the tenth grade in school. The court found that Weiss was "capable and competent with reference to making an informed plea." Although Weiss's counsel claimed that the psychiatric evaluation prepared subsequent to Weiss's plea hearing "showed some dysfunction," the evaluation did not show that he was incompetent to enter a plea. Even assuming the district court committed a Rule 11 violation by accepting Weiss's guilty plea without determining whether he was competent to enter a plea, this was harmless error because Weiss has not shown that he was incompetent. Id.

Weiss contends that he received ineffective assistance of counsel because his counsel did not file any objections to the presentence

4

report and the district court did not grant his counsel additional time to present objections. This claim should be raised by motion under 28 U.S.C. § 2255 (1988), in the district court and not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973) (citing United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir. 1970)); see also DeFusco, 949 F.2d at 120-21. Because the record before us fails to establish conclusively trial counsel's ineffective assistance, we decline to review this issue at this time.

Weiss claims that the court did not establish that the robbed banks were insured by the FDIC as required for a violation of § 2113(a). However, the record reveals otherwise. The FBI agent who provided the factual basis for Weiss's guilty plea testified that the banks were insured by the FDIC. Weiss did not dispute this testimony.

We have examined the entire record in this case in accordance with the requirements of Anders, supra, and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We affirm the district court's judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process. We also deny his motion requesting a personal copy of transcripts prepared at the Government's expense because his appeal does not present a substantial question. 28 U.S.C. § 753(f) (1988). We further deny Weiss's motions to substitute his attorney, modify his imprisonment, and see the record.

AFFIRMED