**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 95-5781

CECIL C. BROWN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-94-48)

Submitted: May 16, 1996

Decided: May 31, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard A. Davis, Charlottesville, Virginia, for Appellant. Jean Bar-
rett Hudson, OFFICE OF THE UNITED STATES ATTORNEY,
Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cecil C. Brown appeals his conviction and sentence on a guilty plea on a charge of distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1)(B) (West 1981 & Supp. 1995). Brown's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there were no meritorious grounds for appeal. Brown was notified of his right to file a pro se brief, which he did, claiming: (1) ineffective assistance of counsel; (2) that he was mentally impaired; (3) that the district court failed to take into consideration his role in the offense; and (4) that his plea was involuntary.

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. We find that Brown's claim of ineffective assistance of counsel is not properly raised on direct appeal because it does not "conclusively" appear from the record that defense counsel failed to provide Brown with effective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992); United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973); United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir. 1970). In addition, we find that the district court complied fully with all of the requirements of Fed. R. Crim. P. 11, fully informing Brown of his rights and the consequences of a guilty plea; further, Brown was competent to enter the plea. Brown has shown no clear and convincing evidence to support reconsideration of his plea. See Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984). Finally, we find that the additional issues Brown raised in his supplemental brief to be without merit.

We deny without prejudice counsel's motion to withdraw at this stage of the proceedings. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the

facts and legal contentions are adequately presented in the materials
before the Court and argument would not aid the decisional process.

AFFIRMED

3