UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 95-5826

MARINO RAMIREZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-93-90-N)

Submitted: July 23, 1996

Decided: August 5, 1996

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Larry W. Shelton, GOLDBLATT, LIPKIN & COHEN, P.C., Norfolk,
Virginia, for Appellant. Helen F. Fahey, United States Attorney, Fer-
nando Groene, Assistant United States Attorney, Norfolk, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marino Ramirez appeals from his jury convictions of conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C.A. § 846 (West Supp. 1996), two counts of distribution of cocaine, and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). We affirm.

I.

On August 16, 1990, Detective Thomas Bishop of the Virginia Beach Police Department obtained search warrants for three guest rooms in the Days Inn in Virginia Beach. While Bishop was procuring the warrants, Sergeant Neal Thompson established surveillance on Room 311. He observed Appellant enter the room carrying a white paper bag. Shortly thereafter, Appellant exited and walked to Room 322. When Room 311 was searched, the police found a white paper bag similar to the one Thompson saw Appellant carry into the room. The bag contained 288 grams of cocaine.

The police entered Room 322 pursuant to a search warrant in the early morning hours of August 17, where they found Appellant, Wendell Wood, and Wood's girlfriend, Marilyn Claudio. The police also found an unloaded gun belonging to Wood under one of the beds.

At trial, Claudio testified that, in June 1990, Wood began traveling to Virginia Beach to sell cocaine. Appellant was their supplier. Claudio accompanied Wood on approximately five trips, and Appellant traveled with them on several occasions.

Claudio further testified that on July 10 and August 10, she, Wood and Appellant traveled to Virginia Beach and rented rooms under false names. Wood then sold the cocaine to his customers. On or about August 13, Appellant and Claudio left Wood in Virginia Beach and flew to New Jersey for more cocaine. On August 15, they transported a kilogram of cocaine back to Virginia Beach.

2

The jury convicted Appellant of all counts, and the district court sentenced him to 151 months imprisonment.

II.

Appellant challenges the sufficiency of the evidence supporting his convictions. In applying the familiar sufficiency of the evidence standard, we "construe the evidence in the light most favorable to the government, assuming its credibility, drawing all favorable inferences from it, and taking into account all the evidence, however adduced." United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). To sustain a conspiracy conviction, the government must prove beyond a reasonable doubt that a defendant knew of the existence of, and voluntarily participated in, the conspiracy. See United States v. Morsley, 64 F.3d 907, 919 (4th Cir. 1995), cert. denied, 64 U.S.L.W. 3467 (U.S. Jan. 8, 1996) (No. 95-6942).

Claudio's testimony clearly established that Appellant conspired to distribute cocaine. Appellant argues that Claudio was not a credible witness, but questions of witness credibility are the province of the jury, not of the court of appeals. United States v. Reavis, 48 F.3d 763, 771 (4th Cir.), cert. denied, 63 U.S.L.W. 3890 (U.S. June 19, 1995) (No. 94-9316).

Sufficient evidence was also presented to affirm Appellant's substantive distribution counts arising out of transactions on July 10 and August 10. The term "distribute" in § 841(a)(1) is defined quite broadly. United States v. Luster, 896 F.2d 1122, 1127 (8th Cir. 1990). The government need not show that Appellant physically transferred the cocaine if it can show "other acts in furtherance of the transfer." United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.), cert. denied, 484 U.S. 834 (1987). No evidence was presented that Appellant personally transferred the cocaine. However, as discussed above, a reasonable jury could conclude that Appellant provided cocaine to Wood to sell to his customers in Virginia Beach and that Appellant accompanied Wood to oversee the transactions. A jury could reasonably view these acts as taken in furtherance of the transfer, providing sufficient evidence to support these substantive convictions.

Finally, the evidence was sufficient to convict Appellant of possession with intent to distribute the cocaine found in Room 311. Based

3

on Thompson's testimony, the jury could easily have found that Appellant placed the bag containing the cocaine in Room 311. In addition, given the large amount of cocaine that was recovered, the jury could have properly inferred Appellant's intent that it be distributed. United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992).

III.

Appellant next claims that he received ineffective assistance of counsel when his attorney failed to move for a judgment of acquittal. A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C. § 2255 (1988), as amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1217, unless it "conclusively appears" from the record that defense counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973) (citing United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir. 1970)). Because the record before us fails to establish conclusively trial counsel's ineffective assistance, we decline to review this issue at this time.

IV.

Finally, we reject Appellant's contention that the district court erred by applying a two-level sentence enhancement for possession of a firearm pursuant to United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1994). Appellant contends that the gun belonged to Wood and there was no evidence that Appellant even knew of its existence. We note, however, that a defendant "possesses" a firearm for purposes of § 2D1.1(b)(1) if the weapon was merely "present," unless it is clearly improbable that the weapon was connected with the offense. United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994) (enhancement affirmed where defendant could reasonably have foreseen that a firearm would be present during drug transaction). As Appellant notes, Hunter controls this issue, and we decline Appellant's invitation to reconsider Hunter's holding. Because the district court's determination that a firearm was present so as to justify an enhancement was not clearly erroneous, see United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990), we affirm the enhancement.

4

V.

Accordingly, we affirm the conviction and sentence imposed by the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED