UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4858

JAMES B. TORRENCE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Joseph Robert Goodwin, District Judge.
(CR-96-180)

Submitted: January 26, 1999

Decided: March 10, 1999

Before MURNAGHAN, WILKINS, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald Lee Pitts, Beckley, West Virginia, for Appellant. Rebecca A.
Betts, United States Attorney, John L. File, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James B. Torrence, Jr., appeals his conviction and sentence for his role in a conspiracy to distribute and to possess with intent to distribute crack cocaine. See 21 U.S.C. § 846 (1994). Torrence pled guilty pursuant to a written plea agreement to his role as a middleman in a sizable crack cocaine ring in and around Beckley, West Virginia. Investigating officers arrested Torrence after he sold crack cocaine to a confidential informant and later to an undercover West Virginia state policeman. Following his arrest, and after officers warned him regarding his rights against self-incrimination, Torrence admitted that he had been involved in approximately 500 purchases of crack cocaine during the summer of 1996 alone.

In light of this admission, Torrence's appointed counsel advised Torrence to plead guilty to one of the four charges brought against him in the federal indictment. The district court conditionally accepted Torrence's plea at a thorough Fed. R. Crim. P. 11 hearing. Apparently dissatisfied with his plea, Torrence retained counsel on his own. Torrence's new counsel moved to withdraw the guilty plea, arguing primarily that Torrence's former counsel was ineffective. After denying the motion, the district court entered a judgment of guilty as a result of Torrence's earlier plea. Without objection, the district court adopted the factual findings of the presentence investigation report and sentenced Torrence to 210 months in prison on the basis of a Total Offense Level of 32 and Criminal History Category of VI. Torrence appeals his conviction and sentence.

In this direct appeal, Torrence advances a claim of ineffective assistance of counsel by suggesting that his former counsel failed to properly investigate the circumstances of the crime and generally failed to communicate with Torrence regarding the case against him. Because the criminal record is usually inadequate to resolve issues of ineffective assistance, they are generally more suitable for collateral review. See United States v. Tatum, 943 F.2d 370, 379 (4th Cir. 1991). This court may entertain a claim attacking the competency of counsel only where the ineffectiveness is apparent from the trial record and prior evidentiary hearings are not required. See id. at 380

2

(citing <u>United States v. Grandison</u>, 783 F.2d 1152, 1156-67 (4th Cir. 1986)). For a claim of ineffective assistance of counsel to be heard on direct appeal, it must "conclusively appear[ ] in the trial record itself that the defendant was not provided with effective representation." <u>United States v. Hanley</u>, 974 F.2d 14, 16 n.2 (4th Cir. 1992) (citing <u>United States v. Mandello</u>, 426 F.2d 1021 (4th Cir. 1970)).

No such error conclusively appears in this case. Torrence claims that his counsel failed to conduct a proper investigation into the circumstances of his offense and his inculpatory statements. Torrence also suggests that counsel did not communicate effectively and did not explain the government's case with sufficient specificity. Beyond that, the record is bereft of what defenses a more diligent investigation might have uncovered or how Torrence was prejudiced by counsel's failure to communicate more freely. As in <u>Tatum</u>, the record "reveals only ambiguous symptoms" of Torrence's allegations of ineffective assistance "which cannot be adequately addressed on direct appeal." <u>Tatum</u>, 943 F.2d at 379. Consequently, Torrence's allegation of ineffective assistance of counsel is more properly addressed in the forum of a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998).

Torrence also contends that the district court erred in calculating the amount of cocaine attributable to Torrence in determining the relevant conduct and applicable offense level under the <u>U.S. Sentencing Guidelines</u> (Nov. 1, 1996). Because Torrence failed to object to the presentence report and failed to raise this issue at sentencing, we review for plain error. <u>See United States v. Grubb</u>, 11 F.3d 426, 440-41 (4th Cir. 1993); <u>see</u> Fed. R. Crim. P. 52. Torrence first contends that the total amount of crack cocaine relevant to his crime of possession with intent to distribute should not include the drugs he reserved for personal use. Torrence's claim is belied by the record. It is apparent from the presentence report that the probation officer accounted for Torrence's personal use of crack cocaine in reaching a total relevant conduct amount. The district court, in turn, adopted the factual findings of the probation officer and consequently did not include crack cocaine that was reserved for Torrence's personal use in deter-

3

mining the relevant conduct. There was no plain error in determining the amount of crack cocaine attributable to Torrence.*

In further attacking his sentence, Torrence advances several undeveloped contentions which affect the sentence calculation only tangentially. Torrence expresses concern regarding the validity of his guilty plea. Torrence's suggestion that his guilty plea was marred by his ignorance of the sentence that might be imposed is utterly refuted by the transcript of the Fed. R. Crim. P. 11 hearing at which the district court informed him of the minimum and maximum sentences Torrence would be facing. See Fed. R. Crim. P. 11(c)(1). In addition, Torrence again attacks counsel's performance. He suggests counsel overlooked the possibility of the application of the"safety valve" provision, see 18 U.S.C. § 3553(f) (1994), and failed to incorporate any form of immunity in his plea agreement. See USSG § 1B1.8. As discussed above, such claims are not appropriate for consideration on direct appeal, and even if they were, this court would find them completely meritless. Torrence's seven criminal history points placed him a far cry from the no more than one point allowed under the "safety valve" statute. See 18 U.S.C. § 3553(f)(1). Moreover, a cursory review of Torrence's plea agreement reveals a paragraph regarding use immunity that incorporates most of the language of USSG § 1B1.8(a).

Finding no merit to any of Torrence's claims of error, we affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED
_____

*Torrence's failure to object to the presentence report also renders it unnecessary to consider the district court's adoption of the report's conclusion that Torrence's relevant conduct included a range of quantities of crack cocaine, as opposed to a specific quantity. See United States v. Ruiz, 43 F.3d 985, 991 (5th Cir. 1995); Fed. R. Crim. P. 32(c)(3)(D).

4