**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4075**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN LENARD RANDOLPH,

Defendant - Appellant.

---

**No. 04-4173**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY ALLEN LEMAY,

Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-02-105)

---

Submitted:  September 13, 2005       Decided:  October 26, 2005

---

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

———————

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Andrew B. Banzhoff, Asheville, North Carolina, for Appellant Brian Lenard Randolph; Aaron E. Michel, Charlotte, North Carolina, for Appellant Anthony Allen Lemay.  Gretchen C. F. Shappert, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellants Anthony Allen Lemay and Brian Lenard Randolph seek relief from their convictions and sentences in the Western District of North Carolina for conspiring to possess with intent to distribute cocaine base, in contravention of 21 U.S.C. § 846. Lemay makes five contentions on appeal: (1) that the district court improperly enhanced his sentence based on facts not admitted in connection with his guilty plea; (2) that the court unconstitutionally required him to choose between his right to counsel and his right to a trial; (3) that the court erred in denying his request for the appointment of a new lawyer; (4) that his counsel was constitutionally ineffective; and (5) that he is entitled to a new trial because the transcript of the hearing on his lawyer's motion to withdraw is unavailable. Randolph, on the other hand, makes two contentions in his separate appeal: (1) that the charges against him should have been dismissed because 21 U.S.C. § 841, the statute governing the quantity of cocaine base attributable to him, is facially unconstitutional; and (2) that the court improperly enhanced his sentence based on facts not admitted in connection with his guilty plea.

As explained below, we dismiss the first three claims raised in Lemay's appeal because they are barred by the appeal waiver contained in his plea agreement, we dismiss Lemay's fourth claim because it does not conclusively appear from the record that his

3

counsel was ineffective, and we affirm on his fifth claim because he cannot demonstrate that specific prejudice resulted from the unavailability of the transcript of the hearing on his lawyer's motion to withdraw. We reject Randolph's challenge to the constitutionality of 21 U.S.C. § 841, but we vacate his sentence and remand for further proceedings.

I.

On December 2, 2002, Lemay, Randolph, and others were charged by the grand jury with participating in a drug conspiracy, in violation of 21 U.S.C. § 846. As spelled out in the indictment, the unlawful activity constituting the object of the conspiracy was an effort to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841. The relevant facts relating to the respective appeals of Lemay and Randolph diverge, and we present those facts separately.

A.

On December 18, 2002, the district court appointed Reid G. Brown to represent Lemay. On February 13, 2003, Brown filed a motion to withdraw as Lemay's counsel. In his motion, Brown asserted that Lemay had been "abusive, insulting and would not communicate with counsel," that Lemay "disagreed with counsel's suggestions and recommendations," and that Lemay had indicated to

4

a third party that his lawyer was incompetent.  The court conducted a hearing on the motion, but the transcript of that proceeding is not in the record.[1]

By Order of February 21, 2003, the district court denied Brown's motion to withdraw.  In so ruling, the court concluded that Brown and his assistant had, inter alia, spent approximately twenty hours reviewing discovery, and they had met with Lemay to discuss his defense on six different occasions.  Only when Brown advised Lemay that he faced a potential sentence of life imprisonment if he proceeded to trial did Lemay express dissatisfaction with Brown's services.  When the court asked Lemay to respond to the motion, Lemay simply asserted that he wanted a different lawyer because he did not like the advice he had received from Brown.  Based on these facts, the court concluded that Lemay's dissatisfaction with Brown derived more from Lemay's dislike for the advice he had received than from any incompetence or ineffectiveness on Brown's part.  The court also found the motion to be untimely because it was filed only a few weeks before Lemay's trial was scheduled to begin.  The court advised Lemay that he could either proceed pro se, with Brown acting as his standby counsel, or he could continue being

---

[1]It is unclear what happened to the record or transcript of the hearing on Brown's motion to withdraw.  It is possible that no record of the hearing was made, or that a record was made and subsequently lost.  The absence of a transcript of the hearing forms part of the basis of Lemay's appeal.

represented by Brown.  Lemay choose to continue being represented by Brown.

On February 24, 2003, Lemay entered into a plea agreement with the Government by which he agreed to plead guilty to the conspiracy charge in the indictment.  By that plea agreement Lemay waived "the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action," excluding only claims of ineffective assistance of counsel and prosecutorial misconduct.  On February 28, 2003, the court accepted Lemay's guilty plea and found that he had entered into the plea agreement knowingly and voluntarily.  In responding to the court in the plea proceedings, Lemay asserted that he was satisfied with the services of Brown as his counsel.

On March 18, 2003, Lemay filed a motion requesting release on bond on the ground that his mother was terminally ill with brain cancer.  On March 28, 2003, the court released Lemay with electronic monitoring on a $10,000 unsecured bond.  On July 16, 2003, he absconded and was not apprehended until February 16, 2004. Lemay's original presentence report ("PSR") recommended an adjusted offense level of 39, which combined with a criminal history category of IV yielded a sentencing range of thirty years to life. The revised and final PSR, however, recommended an adjusted offense level of 43 (the highest possible offense level under the Guidelines), which yielded a mandatory life sentence.  The

6

increased offense level resulted from a two-level enhancement for absconding and the loss of a three-level reduction for acceptance of responsibility.

On February 23, 2004, Lemay's sentencing hearing was conducted. Upon learning that Brown had not had an opportunity to meet with Lemay prior to the hearing, the sentencing court recessed to allow Brown and Lemay to consult. Lemay initially requested that Brown seek a continuance of the hearing so that they could properly respond to the modifications to the PSR. Brown, however, was of the view that the PSR modifications were "appropriate." When the sentencing court directly asked Lemay for reasons justifying a continuance of the sentencing proceedings, Lemay offered none. At no point during the sentencing hearing did Brown challenge the modifications made in the PSR. At the conclusion of the sentencing hearing, the court imposed a sentence of life imprisonment, in accordance with the PSR.

B.

The relevant facts surrounding Randolph's appeal are as follows. On February 28, 2003, Randolph, like Lemay, pleaded guilty to the conspiracy charge. Unlike Lemay, however, Randolph did not enter into a plea agreement with the Government; rather, his plea was a "straight-up" guilty plea, without any promises from or agreement with the Government.

7

On August 5, 2003, Randolph's PSR was submitted to the sentencing court. Based on two prior controlled substance convictions and a finding that the conspiracy offense was committed while Randolph was on probation, the PSR assigned Randolph four criminal history points, which translated into a criminal history category of III. Based on the fifty grams of cocaine base alleged in the indictment (and admitted in Randolph's guilty plea proceedings), his base offense level was 32, which combined with his criminal history category yielded a sentencing range of 151 to 188 months of imprisonment. Randolph's PSR, however, attributed over thirty kilograms of cocaine base to him and thus assigned a base offense level of 38. At his sentencing hearing on November 20, 2003, the court attributed 1.5 kilograms of cocaine base to Randolph, yielding an offense level of 35 and a sentencing range of 210 to 262 months of imprisonment. The court sentenced Randolph, without any objection on constitutional grounds, to 210 months of imprisonment.

C.

Both Lemay and Randolph have filed timely appeals to this Court. We possess jurisdiction over their appeals pursuant to 28 U.S.C. § 1291.

8

## II.

We review de novo whether a criminal defendant has effectively waived his right of appeal. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A claim of ineffective assistance of counsel is cognizable on direct appeal only if it "conclusively appears" from the record that counsel failed to provide effective representation. See United States v. Russell, 221 F.3d 615, 619 n.5 (4th Cir. 2000). We review de novo a claim that a statute is unconstitutional. See United States v. Martinez, 277 F.3d 517, 534 n.15 (4th Cir. 2002). And we review for plain error any claim not properly preserved and raised for the first time on appeal. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

## III.

### A.

Lemay makes five contentions on appeal: (1) that the district court improperly enhanced his sentence based on facts not admitted in connection with his guilty plea, in violation of the Sixth Amendment; (2) that the court unconstitutionally required him to choose between his right to counsel and his right to a trial; (3) that the court erred in denying him the appointment of a new lawyer; (4) that his counsel was constitutionally ineffective; and (5) that he is entitled to a new trial because the transcript of the hearing on his lawyer's motion to withdraw is unavailable. The

9

Government asserts that, by the plea agreement, Lemay waived his right to appeal all of these claims except the contention that he was denied the effective assistance of counsel. It further contends that we should defer Lemay's ineffective assistance claim for subsequent habeas corpus proceedings because it does not "conclusively appear" from the record that Lemay's counsel was ineffective. We address each of these contentions in turn.

1.

We will enforce an appeal waiver to preclude claims being asserted on appeal only if (1) the waiver is valid, and (2) the claims asserted on appeal fall within the scope of the waiver. See United States v. Attar, 38 F.3d 727, 731-32 (4th Cir. 1994). Lemay does not contest the validity of his appeal waiver; thus we inquire only into whether his claims fall within the scope of his waiver.

In connection with his plea agreement, Lemay waived "the right to contest either the conviction or sentence in any direct appeal or other post-conviction action," reserving only the right to appeal claims of ineffective assistance of counsel and prosecutorial misconduct. By its terms, Lemay's appeal waiver is broad and appears to cover all of Lemay's appellate claims save his claim of ineffective assistance of counsel. This Court has long recognized such appeal waivers as being generally enforceable, see Blick, 408 F.3d at 168 n.4 (citing multiple decisions), but we have identified a category of errors that fall outside the scope of such

10

waivers because they "could not have been reasonably contemplated when the plea agreement was executed," id. at 172; see also United States v. Broughton-Jones, 71 F.3d 1143, 1146-47 (4th Cir. 1995) (concluding that appeal waiver did not cover claim that restitution order was not authorized by statute when restitution order was entered after waiver was executed); Attar, 38 F.3d at 731-33 (concluding that appeal waiver did not encompass claim of deprivation of right to counsel). Our task here, therefore, is to determine whether any of the alleged errors asserted in Lemay's appeal could not have been reasonably contemplated when he waived his appeal rights.

Lemay first asserts that the district court improperly enhanced his sentence beyond that which the facts admitted in connection with his guilty plea would support, in contravention of his Sixth Amendment right to a jury trial. This claim is foreclosed by our decision in Blick, which held that a waiver of the right to appeal a sentence below the statutory maximum precludes an appeal asserting that a judicially enhanced sentence contravenes the defendant's Sixth Amendment right to a jury trial. 408 F.3d at 164. The appeal waiver executed by Lemay is only different from the one underlying our Blick decision in that it sweeps more broadly. As a result, Lemay's Sixth Amendment claim falls within the scope of, and is thus barred by, his appeal waiver.

11

Lemay's contention regarding the district court's failure to appoint new counsel for him, and his contention that the court forced him to choose between representation by counsel and his right to a trial, each arise from the hearing of February 21, 2003, on Brown's motion to withdraw. This hearing occurred three days before Lemay entered into the plea agreement by which he waived his right of appeal. Given that the alleged errors occurred before his waiver — and that he contested them at the time — it is clear that Lemay could have reasonably contemplated these two alleged errors, and that he actually knew of them. Therefore, these claims fall within the scope of the appeal waiver and they are barred.

### 2.

Lemay's ineffective assistance of counsel claim is expressly excepted from the appeal waiver contained in his plea agreement. Lemay's appeal in this respect is therefore properly before us. Nevertheless, because it does not conclusively appear from the record that his counsel was ineffective, we need not reach and assess the merits of his ineffective assistance claim.

We have consistently recognized that, because a claim of constitutionally ineffective assistance of counsel is more appropriately reviewed on a full record, the proper proceeding in which to pursue such a claim is not a direct appeal but a collateral proceeding under 18 U.S.C. § 2255. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). As a result, we will

12

entertain a claim of ineffective assistance on direct appeal only if it "conclusively appears" from the record that the defendant's counsel was ineffective. See United States v. Russell, 221 F.3d 615, 619 n.5 (4th Cir. 2000). Although Lemay's trial counsel could perhaps have mounted a more protracted defense on Lemay's behalf, there is evidence that Lemay was dissatisfied with his attorney simply because he disliked the advice being provided. Given this conflict, it does not conclusively appear from the record that Lemay's trial lawyer was ineffective. We therefore decline to address the merits of his ineffective assistance claim in this appeal.[2]

3.

Finally, Lemay contends that he is entitled to a new trial because a transcript of the hearing on his attorney's motion to withdraw is unavailable. He asserts that he needs such a transcript to support both his claim that the district court erred in denying his request for the appointment of a new lawyer and his claim that his counsel was constitutionally ineffective. Even assuming that Lemay could not have "reasonably contemplated" the absence of a transcript of the proceeding on his lawyer's motion to withdraw, see Blick, 408 F.3d at 172, he is unable to demonstrate

---

[2]Our conclusion that we may not review Lemay's ineffective assistance claim, of course, is not "intended to prejudice, or prejudge, in any way [his] right to apply for relief in a Section 2255 proceeding, should he choose to invoke such remedy." United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir. 1970).

13

that the unavailability of the transcript "specifically prejudices his appeal," see United States v. Huggins, 191 F.3d 532, 536 (4th Cir. 1999) (explaining that unavailability of transcript does not entitle defendant to new trial unless he can demonstrate specific prejudice).

As explained above, Lemay's claim that the district court erroneously failed to appoint him a new lawyer is barred by the appeal waiver in the plea agreement.  Thus, the transcript would be of no help to Lemay on this point.  Furthermore, because he does not assert that his attorney was ineffective at the hearing, but only contends his lawyer was ineffective "leading up to the hearing" and "after the hearing," Lemay is unable to demonstrate that the unavailability of the transcript prejudices his ineffective assistance claim.  Appellant's Br. at 47, 48.  Accordingly, Lemay cannot demonstrate that the unavailability of the transcript specifically prejudices his appeal, and we must deny this claim as well.

B.

Randolph makes two contentions on appeal:  (1) that he is entitled to a dismissal of the indictment against him because the statutory object of the conspiracy, 21 U.S.C. § 841, is facially unconstitutional; and (2) that he is entitled to resentencing because the district court improperly enhanced his sentence beyond

that which the facts admitted in his plea proceedings would support. Because we reject Randolph's first contention, we are obliged to affirm his conviction. However, because the court plainly erred in enhancing Randolph's sentence, we vacate his sentence and remand for resentencing.

Randolph first asserts that, because the sentencing scheme of 21 U.S.C. § 841 depends solely on the quantity of controlled substances determined by the sentencing judge, § 841 is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). As the Government points out, however, we have heretofore sustained the constitutionality of § 841 in the face of an Apprendi challenge. See United States v. McAllister, 272 F.3d 228, 233 (4th Cir. 2001) (upholding § 841 because statute is silent on process by which drug quantity is to be determined). We do not (and cannot) deviate from that precedent here.

Finally, Randolph maintains that he is entitled to resentencing because the district court plainly erred in imposing a sentence greater than that which the facts admitted by him in his plea proceedings would support. As explained above, Randolph admitted in his plea proceedings only to conspiring to possess with intent to distribute at least fifty grams of cocaine base, which yields a sentencing range of 151 to 188 months under the Guidelines. The sentencing court, however, attributed at least 1.5

15

kilograms of cocaine base to Randolph, yielding a sentencing range of 210 to 262 months. The court then sentenced Randolph to 210 months of imprisonment. Because the sentence imposed on Randolph was greater than that which the admitted facts would support, its imposition contravened Randolph's Sixth Amendment right to a jury trial. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Pursuant to our decision in Hughes, such a Sixth Amendment error in sentencing is plainly erroneous. See id. (concluding that sentence imposed in contravention of defendant's Sixth Amendment right to jury trial constitutes plain error).[3]


IV.

Pursuant to the foregoing, we dismiss Lemay's appeal in part but otherwise affirm his conviction. We affirm Randolph's conviction, but vacate his sentence and remand for resentencing.


DISMISSED IN PART, AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[3]As in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Randolph's] sentencing." 401 F.3d at 545 n.4.

16